# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

**NO. 03-03-00723-CR**
**NO. 03-04-00157-CR**

---

**Joe Lawrence Lutz, Appellant**

**&**

**Joseph Alfred Rome, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT**
**NOS. 3020167 & 3020873, HONORABLE BOB PERKINS, JUDGE PRESIDING**

---

## O P I N I O N

In 1982, appellant Joe Lawrence Lutz was convicted of aggravated rape in Taylor County. In 1983, appellant Joseph Alfred Rome, Jr., was convicted of aggravated sexual abuse of a child in Denton County. In 2002, Lutz and Rome were indicted in Travis County for violating requirements of the Texas Sex Offender Registration Program. After their pretrial motions to dismiss were overruled, Lutz and Rome entered bargained pleas of guilty and were sentenced to prison terms of six and three years, respectively. These companion appeals raise the question of whether Lutz's conviction for aggravated rape and Rome's conviction for aggravated sexual abuse

of a child are reportable convictions subjecting them to the requirements of the registration program. A second question is whether the convictions were for sexually violent offenses as defined by the program. We answer "yes" to both questions and affirm the convictions for failing to register.

The sex offender registration program requires a person having a reportable conviction to register with his local law enforcement authority, periodically verify his registration, and report any change of address. *See* Tex. Code Crim. Proc. Ann. arts. 62.051(a), (d), 62.055(a) (West Supp. 2005) (formerly arts. 62.02(a), (d), 62.04(a)).[1] The term of the offender's obligation to register and report, the frequency with which he must do so, and the punishment for a violation of the registration program are determined in part by whether the offender's reportable conviction was for a sexually violent offense. *See id*. arts. 62.058(a), 62.101(a), 62.102(b) (formerly arts. 62.06(a), 62.10(b), 62.12(a)). A reportable conviction is defined as a conviction for one of several enumerated offenses. *See id*. art. 62.001(5) (formerly art. 62.01(5)). There is a similar list of sexually violent offenses. *See id*. art. 62.001(6) (formerly art. 62.01(6)). Neither list expressly includes either aggravated rape or aggravated sexual abuse of a child.

When interpreting a statute, we seek to effectuate the collective intent or purpose of the legislature. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). Ordinarily, we do this by giving effect to the plain meaning of the statute's text. *Id*. We may consider extratextual factors only if the statute is ambiguous or if the plain language of the statute would lead to absurd

---

[1] Chapter 62 of the code of criminal procedure, the Texas Sex Offender Registration Program, was reenacted and amended effective September 1, 2005. *See* Act of May 8, 2005, 79th Leg., R.S. ch. 1008, § 1.01, 2005 Tex. Gen. Laws 3385. None of the amendments are pertinent to these appeals. We will cite the current statutes and, in parentheses, note the corresponding former article numbers.

results the legislature could not possibly have intended. *Id*. If a statute is subject to two reasonable interpretations, we may consider the consequences of the alternative interpretations in deciding which to adopt. *Munoz v. State*, 851 S.W.2d 238, 244 (Tex. Crim. App. 1993).

Lutz and Rome argue that the relevant statutes are unambiguous: aggravated rape and aggravated sexual abuse of a child are plainly not named as reportable, sexually violent offenses subject to the sex offender registration program. The State responds that the definitions in question should be read to include the statutory predecessors of the enumerated offenses, all of which are current penal code offenses. Under the State's proposed reading of the statute, Lutz and Rome have reportable convictions for sexually violent offenses because aggravated rape and aggravated sexual abuse of a child are statutory predecessors of aggravated sexual assault, which *is* defined as a reportable conviction and a sexually violent offense. Tex. Code Crim. Proc. Ann. art. 62.001(5)(A), (6)(A) (formerly art. 62.01(5)(A), (6)(A)). Anticipating the State's argument, Lutz and Rome draw our attention to the statutes providing for civil commitment of sexually violent predators. *See* Tex. Health & Safety Code Ann. §§ 841.001-.150 (West 2003 & Supp. 2005). There, the definition of sexually violent offense includes not only current statutory offenses but also "an offense under prior state law that contains elements substantially similar to the elements" of the listed statutes. *Id*. § 841.002(8)(F) (West Supp. 2005). Lutz and Rome argue that if the legislature had intended persons convicted under prior statutes to be included within the scope of the sex offender registration program, the program's definitions would have a similar provision.

Although article 62.001 does not expressly incorporate convictions for offenses under prior state laws, it does state that a reportable conviction means "a conviction under the laws of

3

another state, federal law, the laws of a foreign country, or the Uniform Code of Military Justice for an offense containing elements that are substantially similar to the elements" of an enumerated offense. Tex. Code Crim. Proc. Ann. art. 62.001(5)(J) (formerly art. 62.01(5)(J)). Similarly, an offense "under the laws of another state, federal law, the laws of a foreign country, or the Uniform Code of Military Justice" is a sexually violent offense "if the offense contains elements that are substantially similar to the elements" of an enumerated sexually violent offense. *Id*. art. 62.001(6)(E) (formerly art. 62.01(6)(E)). Under the reading of the statutes advocated by Lutz and Rome, a person with a conviction in another jurisdiction for an offense substantially similar to an offense enumerated in article 62.011(5) or (6) would be subject to the requirements of the sex offender registration program, but a person with a Texas conviction for a substantially similar, or even identical, offense that has since been renamed would not be subject to the program.

In 1983, the rape and sexual abuse offenses previously found in chapter 21 of the penal code were consolidated, renamed sexual assault and aggravated sexual assault, and moved to chapter 22. *See* Act of May 29, 1983, 68th Leg., R.S., ch. 977, §§ 3 & 12, 1983 Tex. Gen. Laws 5311, 5312-15, 5321. In 1997, the legislature expanded the sex offender registration program to include persons having reportable convictions occurring on or after September 1, 1970. *See* Tex. Code Crim. Proc. Ann. art. 62.002(a) (formerly art. 62.11(a)). Under Lutz's and Rome's reading of the statutes, persons who committed sexual assaults prior to 1983 are exempt from this expansion of the program because the offenses were then called rape or sexual abuse.

The statutory construction issue before us is analogous to those raised in two recent court of criminal appeals opinions. In *Griffith v. State*, 116 S.W.3d 782 (Tex. Crim. App. 2003), the

4

court construed penal code section 12.42(c)(2), which creates an enhanced punishment for certain repeat sex offenders. *See* Tex. Pen. Code Ann. § 12.42(c)(2) (West Supp. 2005). Under the statute, a person convicted of a sex offense listed in section 12.42(c)(2)(A) shall be punished by life imprisonment if he has previously been convicted for a sex offense listed in section 12.42(c)(2)(B). Following his conviction for a section 12.42(c)(2)(A) offense, Griffith was sentenced to life on the basis of his previous convictions for rape and aggravated rape. *Griffith*, 116 S.W.3d at 784. Griffith urged that this was unlawful because neither rape nor aggravated rape is listed as an enhancing offense in section 12.42(c)(2)(B). *Id*.

The court of criminal appeals responded to this argument by pointing out that rape and aggravated rape are statutory predecessors to the offenses of sexual assault and aggravated sexual assault, which are enhancing offenses under section 12.42(c)(2)(B). *Id*. at 787; Tex. Pen. Code Ann. § 12.42(c)(2)(B)(ii). The court also noted that convictions "under the laws of another state containing elements that are substantially similar to" the offenses enumerated in section 12.42(c)(2)(B) are also enhancing offenses. *Griffith*, 116 S.W.3d at 786; Tex. Pen. Code Ann. § 12.42(c)(2)(B)(v). The court held that it was absurd to conclude that a sex offender with a previous conviction in another state for an offense substantially similar to sexual assault would be subject to enhanced punishment, but a sex offender with a previous rape conviction in Texas would avoid enhanced punishment simply because he committed his earlier crime at a time when it was not called sexual assault. *Griffith*, 116 S.W.3d at 786. The court held that section 12.42(c)(2)(B) should be read to include the statutory predecessors to the enumerated offenses. *Id*. at 788.

The issue in *Ex parte Ervin*, No. AP-74,985, 2005 Tex. Crim. App. LEXIS 518 (Tex. Crim. App. Apr. 6, 2005), was the proper interpretation of the government code provision denying mandatory supervision to inmates with previous convictions for certain enumerated offenses, including sexual assault. Tex. Gov't Code Ann. § 508.149(a) (West 2004). Ervin was denied mandatory supervision because he had a previous conviction for sexual abuse of a child. *Ervin*, at *2. He challenged this denial on the ground that sexual abuse of a child is not a disqualifying offense under section 508.149(a). *Id*. The court of criminal appeals concluded that the legislature could not have reasonably intended to deny mandatory supervision for inmates with sexual assault convictions but allow mandatory supervision for inmates convicted under predecessor statutes. *Id.*, at *7. The court held that section 508.149(a) should be read to include the statutory predecessors to the enumerated offenses and that Ervin was ineligible for mandatory supervision. *Id*. at *8.

In light of the opinions in *Griffith* and *Ervin*, and considering the purposes of the sex offender registration program, we conclude that there is no rational basis for exempting from its coverage a person who committed a sex offense substantially similar to one designated as reportable solely because the offense was committed in Texas and had a different name at the time it was committed. We therefore agree with the State that article 62.001(5) and (6) should be read to include the statutory predecessors of the enumerated offenses.

Two other courts of appeals have concluded that the sex offender registration program applies to persons convicted of predecessor offenses. In *Turner v. State*, 101 S.W.3d 750, 758-59 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd), the court held that sodomy under former penal code article 524 was a sexually violent offense. In *Reyes v. State*, 119 S.W.3d 844, 847-48 (Tex.

App.—San Antonio 2003, no pet.), the court held that a conviction for rape of a child was a reportable conviction.

Lutz and Rome also argue that the punishment provisions of the sex offender registration program are unconstitutionally vague. This contention was not made in the trial court. Even constitutional issues may be waived by failing to raise them at trial. *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990). We also note that this contention was raised and rejected in *Reyes*. *Id*. at 844.

We hold that Lutz's 1982 conviction for aggravated rape and Rome's 1983 conviction for aggravated sexual abuse of a child were reportable convictions for sexually violent offenses and overrule their points of error to the contrary. The judgments of conviction for violating the sex offender registration program are affirmed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   January 19, 2006

Publish