KOSICK V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-056-CR

NICKOLAS ERIC KOSICK APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1) 
ON REHEARING

------------

After reviewing appellant Nickolas Eric Kosick’s motion for rehearing, we deny the motion.  However, we withdraw our April 5, 2007 opinion and judgment and substitute the following.

I.  Introduction

Appellant Nickolas Eric Kosick appeals his felony conviction, thirteen-year sentence, and $6,500 fine for violating the sex offender registration statute.  In twenty points, appellant challenges the constitutionality of the sex offender registration requirements, asserts that the evidence is legally and factually insufficient to support his conviction, and argues that the trial court erred by ignoring the doctrines of equitable and judicial estoppel when making evidentiary and procedural rulings and by denying numerous other requests and motions.  We affirm.

II.  Background Facts  

Appellant was convicted of indecency with a child on December 17, 1998, and became subject to the sex offender registration statute for life.  In April of 2002, upon appellant’s release from prison, the Houston Police Department notified appellant that he must verify his sex offender registration with the appropriate law enforcement authority in the city or county where he resides. 

On October 30, 2003, appellant moved from Houston to Denton and properly registered with the Denton Police Department, stating that his address was 321 Gardenview in Denton, Texas.  During the registration, Linda Smith, the police department records technician, told appellant that he had to register annually for life, that the City of Denton was his primary registration authority, and that he must inform the Denton Police Department seven days before or after changing his residence, employment, or vehicle.  Smith also testified that she received the prerelease notification form that appellant had filled out in Houston prior to his release from prison. 

On January 30, 2004, appellant was arrested in Denton, Texas on a Travis County theft charge and jailed in Austin, Texas, from February 4, 2004 to June 2, 2004, at which time he was transferred to the Denton County Jail.  His sentence completed, appellant was released from the Denton County Jail on June 10, 2004.  Upon his release, appellant did not return to his former address and did not register his new address with the Denton Police Department.  In December 2004, Detective Virginia Nichols of the Denton Police Department began searching for appellant.  Detective Nichols went to 321 Gardenview (appellant’s registered address) and determined that appellant had not lived there for some time.  In fact, Aaron Johnson and his wife had resided at 321 Gardenview since June 23, 2004.  Johnson testified that appellant never lived at 321 Gardenview during that time.
(footnote: 2)
 Based on the paperwork from appellant’s 2004 theft arrest, Detective Nichols next searched for him at 2220 Carriage Hill in Denton, Texas.  Kendra Harper lived at 2220 Carriage Hill and told Detective Nichols that appellant never lived there.  Consequently, Detective Nichols was unable to locate appellant.  At trial, Harper testified that appellant had never resided with her and that she did not know that appellant was listing her address as his own until she began receiving his mail. 

In July 2005, Officer Haider Khan, a deputy for the Denton County Sheriff’s Office, arrested appellant at 2220 Carriage Hill.  During book-in, appellant told Khan that his residence was 2220 Carriage Hill.  Because appellant’s last registered address was 321 Gardenview, the State indicted him for failing to register his new address not later than the seventh day before changing addresses in accordance with his sex offender registration requirements.  A jury found appellant guilty of the charged offense, sentenced him to thirteen years’ imprisonment, and fined him $6,500.  This appeal followed.  

III.  Appellant’s First Two Points

In his first point, appellant asserts that article 62.051(a) of the Texas Code of Criminal Procedure, the sex offender registration statute, violates due process by not providing a defense based on the failure of a law enforcement agency to provide prerelease notification of the registration requirements when a person who is subject to registration is incarcerated and released.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 62.051(a) (Vernon 2006).  Appellant asserts in his second point that because article 62.051(a) lacks such a defense, it denies due process by arbitrarily depriving an accused of presenting defensive evidence.  The basis of appellant’s arguments on the first two points is that article 62.051(a) should have required an official of the Denton County Jail to provide appellant with 
additional 
prerelease notification on June 10, 2004, concerning his registration responsibilities even though he was in jail for a theft charge and not for a reportable conviction.  

The State asserts that appellant waived these constitutional challenges by failing to present them to the trial court.  We agree.  Although appellant’s trial counsel had lengthy discussions with the trial court regarding the Denton County Sheriff’s Office’s alleged failure to notify appellant of his registration requirements, trial counsel never brought up these constitutional arguments.  
Because the complaint made on appeal does not comport with the complaint made in the trial court, appellant forfeited his constitution-based points.  
See Heidelberg v. State
, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004); 
Bell
 
v. State
, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 827 (1997); 
Rezac v. State
, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).
(footnote: 3)  Accordingly, we overrule appellant’s first two points.

IV.  Appellant’s Third Point

In his third point, appellant argues that if article 62.051(a) allows a defendant to offer evidence that he did not receive prerelease notice of his registration requirements, the trial court abused its discretion by excluding his evidence regarding lack of notice by the Denton County Sheriff’s Office in June 2004 when he was released from his incarceration for theft.

The standard of review for a trial court’s admission of evidence is abuse of discretion, and wide discretion is afforded to the trial judge.  
Green v. State, 
934 S.W.2d 92, 101-03 (Tex. Crim. App. 1996), 
cert. denied
, 520 U.S. 1200 (1997); 
Miller v. State
, 196 S.W.3d 256, 267 (Tex. App.—Fort Worth 2006, pet. ref’d);
 Hale v. State
, 140 S.W.3d 381, 395 (Tex. App.—Fort Worth 2004, pet. ref’d).  The trial court’s decision should be reversed on appeal only if there is a showing of a clear abuse of discretion.  
Green
, 934 S.W.2d at 101-03
; 
Miller
, 196 S.W.3d at 267.  Only if the court’s decision falls outside the “zone of reasonable disagreement” has it abused its discretion.  
Rankin v. State
, 974 S.W.2d 707, 718 (Tex. Crim. App. 1998) (op. on reh’g); 
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).   

Under article 62.053(a), a sex offender must receive notification of his registration requirements at the time he is released from imprisonment for a 
reportable conviction
.  
Tex. Code Crim. Proc. Ann.
 art. 62.053(a); 
see id. 
art. 62.001(5)(A);
 White v. State
, 988 S.W.2d 277, 279 (Tex. App.—Texarkana 1999,
 
no pet.) (stating the statute requires the State to inform a person subject to registration about the requirements before releasing him from prison for a 
reportable
 conviction); 
see also Varnes v. State
, 63 S.W.3d 824, 828-30 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (noting that even if the State fails to inform a defendant about his duty to register, the defendant is not able to avoid prosecution).  Thus, the appropriate authorities were required to notify appellant of the applicable requirements when he was released from his incarceration on the indecency with a child offense.  
See Juarez v. State
, 198 S.W.3d 790, 791-92 (Tex. Crim. App. 2006) (holding that an indecency with a child conviction is a reportable conviction); 
see also 
Tex. Penal Code Ann.
 § 21.11 (Vernon 2003) (setting out the statutory requirements for an indecency with a child conviction); 
Tex. Code Crim. Proc. Ann. 
art
. 62.001(5) 
(listing all of the reportable convictions).  This notification must cover appellant’s responsibility to inform local registration authorities seven days prior to or after an intended change of address.  
See 
Tex. Code Crim. Proc. Ann.
 art. 62.053(a)(1)(B)
; 
Rios v. State
, 141 S.W.3d 750, 752 n.3 (Tex. App.—Corpus Christi 2004, pet. ref’d).

It is undisputed that appellant received proper notification of his registration requirements upon his initial release from incarceration in 2002 for the indecency with a child offense.  Evidence at trial also revealed that appellant had written notice of the registration requirements in both 2001 and 2002.  On October 30, 2003, appellant knew to go to the Denton Police Department for his annual registration, where he was reminded that his primary registration authority was that police department.  Smith also testified that she told appellant of the address change requirements.  In closing argument, appellant’s trial counsel noted that appellant had followed the registration rules “all of the way up through October of 2003.”  Considering all of these factors, the record shows that appellant had actual knowledge of his registration requirements including his responsibility to notify the Denton Police Department within seven days of an intended address change. 

Although appellant contends that the Denton County Sheriff’s Office was required to give additional notice in June, 2004, he was in jail for the theft offense, which is not a reportable conviction requiring notice.  
See 
Tex. Code Crim. Proc. Ann. 
art
. 62.001(5).   
Because article 62.053(a) requires that notice of the registration requirements must only be given when a defendant is released from imprisonment for a 
reportable conviction
, appellant’s evidence regarding his lack of notice after being released for a nonreportable conviction is irrelevant.  
See
 
id.
 
arts. 62.001(5)(A), 62.053(a); 
White
, 988 S.W.2d at 279
.  Therefore, the trial court did not abuse its discretion by excluding this evidence.  
See Green
, 934 S.W.2d at 101-03
; 
Miller
, 196 S.W.3d at 267.  Accordingly, we overrule appellant’s third point.

V.  Appellant’s Fourth and Fifth Points

In his fourth and fifth points, appellant contends that the evidence is legally and factually insufficient to support his conviction because the State failed to prove that he did not intend to report a move, that the move was voluntary, and that the offense occurred “on or about” the date alleged.  

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

In a sufficiency review, the jury’s inference of intent is afforded more deference than the evidence supporting proof of conduct.  
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Circumstantial evidence of a defendant’s guilty knowledge is not “required to meet the same rigorous criteria for sufficiency as circumstantial proof of other offensive elements.”  
Id
. (quoting 
Brown v. State
, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995)). In determining the legal sufficiency of the evidence to show an appellant’s intent, and faced with a record that supports conflicting inferences, we “must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution.”  
Matson v. State
, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.  
Watson v. State
, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust.  
Watson
, 204 S.W.3d at 414-15, 417; 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the 
verdict.  
Watson
, 204 S.W.3d 417.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court “harbor a subjective level of reasonable doubt to overturn [the] conviction.”
 
 Id
.  We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury’s resolution of a conflict in the evidence.  
Id
.  We may not simply substitute our judgment for the fact-finder’s.  
Johnson
, 23 S.W.3d at 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a different result is appropriate, we must defer to the jury’s determination of the weight to be given contradictory testimonial evidence because resolution of the conflict “often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered.” 
Johnson
, 23 S.W.3d at 8.  Thus, we must give due deference to the fact-finder’s determinations, “particularly those determinations concerning the weight and credibility of the evidence.”  
Id
. at 9.

An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  Moreover, an opinion reversing and remanding on factual insufficiency grounds must detail all the evidence and clearly state why the finding in question is factually insufficient and under which ground.  
Goodman v. State
, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001); 
Johnson
, 23 S.W.3d at 7.

Appellant was charged with intentionally, knowingly, or recklessly failing to provide his anticipated move date or new address not later than the seventh day before changing his address.
(footnote: 4)  The last time that appellant registered his address with the Denton Police Department was October 30, 2003; at that time, his address was 321 Gardenview.  Testimony at trial established that Aaron Johnson and his wife lived at 321 Gardenview from June 23, 2004 to December 20, 2005.  Johnson testified that appellant did not live with him during any of this time.  Therefore, at some point between October 30, 2003 and June 2004, appellant moved out of 321 Gardenview.  Further, in July 2005, appellant was arrested at 2220 Carriage Hill.  During the book-in process, appellant listed that address as his residence.

Appellant argues that because of his incarceration between January 30, 2004 and June 10, 2004, the State did not prove that he “intended” to move from 321 Gardenview.  However, evidence of appellant’s incarceration was not admitted at trial.  Because we may only consider evidence actually admitted at trial in our sufficiency review, we cannot take appellant’s incarceration into consideration for intent purposes.  
See Moff v. State
, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004). 

In his brief, appellant further asserts that the State failed to prove the mens rea of the offense.  Appellant contends that the State did not show that he received proper notice of the registration requirements because Smith told him that he must register within seven days prior or seven days
 after 
changing addresses, and he was indicted only for not registering within seven days 
prior
 to changing addresses.  Although the question of notice is not an element of the offense, it does have a bearing on whether the State proved that appellant had the necessary mental state to commit the offense.  
See Varnes
, 63 S.W.3d at 832.
(footnote: 5)
 The evidence at trial showed that appellant lived at 321 Gardenview in October 2003, but not from June 23, 2004 to December 20, 2005, and that he did not inform the Denton Police Department within seven days of moving.  Further, the evidence established that appellant failed to update his registration thirty days before or after his November 25, 2004 birthday, which was another requirement.  Appellant also did not update his address within seven days of his alleged move to 2220 Carriage Hill and had no contact with his primary registration authority from October 2003 to his arrest in July 2005.  Although appellant was not charged with these additional offenses, the jury could still use appellant’s lack of action to determine that he had no intention to comply with any provision of article 62.055(a) after October 2003.  
See id. 
  

Appellant also argues that article 62.055(a) applies only if a defendant moves to another municipality, and by simply changing residences within the same municipality, he was not required to register.  Appellant cites no relevant case law to support this contention, and contrary to this assertion, nothing in article 62.055(a) indicates that the sex offender registration requirements apply only to individuals moving to new municipalities.  
See 
Lutz v. State, 
184 S.W.3d 366, 367 (Tex. App.—Austin 2006, no pet.) (holding that the registration requirements apply when a sex offender has 
any change
 in address).
  

After viewing all of the evidence 
in the light most favorable to 
the verdict, we conclude that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Hampton
, 165 S.W.3d at 693.  Therefore, we conclude that the evidence is legally sufficient to support the verdict.  Further, after viewing the evidence in a neutral light and giving due deference to the fact-finders’ determinations, we conclude that the evidence is factually sufficient to support the verdict. 
 See Watson
, 204 S.W.3d at 414; 
Drichas
, 175 S.W.3d at 799.  Accordingly, we overrule appellant’s fourth and fifth points.
   

VI.  Appellant’s Sixth Through Thirteenth Points

In his sixth through thirteenth points, appellant asserts that the trial court erred by ignoring the doctrines of equitable and judicial estoppel when making several evidentiary and procedural rulings.  Specifically, appellant argues that the State was estopped from prosecuting him for violating the sex offender registration laws because the State knew that he was incarcerated during some of the time that he failed to register.  Appellant also argues that the State was estopped from introducing evidence of his incarceration during the punishment phase of trial because the State objected to the presentation of such evidence during the guilt-innocence phase of trial and because it had previously asserted in a pretrial notice of intent to introduce evidence of extraneous offenses that it would introduce evidence of his conviction and sentence for the offense for which he was incarcerated.  Further, appellant argues that the doctrines of equitable and judicial estoppel should have prevented the State from presenting evidence that he was not residing at 2220 Carriage Hill because the State had previously asserted that appellant 
did 
reside at that address in the same notice of intent to introduce extraneous offenses.

Under the doctrine of equitable estoppel, a party may be estopped from asserting a claim that is inconsistent with that party’s prior conduct.  
See Arroyo v. State
, 117 S.W.3d 795, 798 (Tex. Crim. App. 2003); 
State v. Yount
, 853 S.W.2d 6, 9 (Tex. Crim. App. 1993) (op. on reh’g).  For example, in 
Yount
, the court held that the appellee, who had been indicted for involuntary manslaughter but who had requested and received a jury charge on the lesser included offense of driving while intoxicated, was estopped from complaining that his conviction of that lesser included offense was barred by limitations. 
 See 
853 S.W.2d at 9
.
  The court explained that “appellee cannot benefit from the lesser included offense instruction and then attack his conviction of that lesser included offense on limitations grounds.”  
Id
.  Similarly, in 
Prystash v. State
, 3 S.W.3d 522, 532 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1102 (2000), the court held that the appellant, who had affirmatively requested that the trial court not submit to the jury one of the special issues statutorily required for capital sentencing, was estopped from arguing on appeal that the trial court had erred by failing to submit the special issue.  The court explained that “we will not permit [an] appellant to complain of the trial court’s deleting a jury charge as he requested.”  
Id
.   

Under the doctrine of judicial estoppel, a party who makes a sworn statement in a pleading, deposition, oral testimony, or affidavit in a judicial proceeding is judicially estopped from maintaining a contrary position in a subsequent proceeding.  
See Matthews v. State
, 165 S.W.3d 104, 110 (Tex. App.—Fort Worth 2005, no pet.).  Unlike equitable estoppel, judicial estoppel is not grounded on the elements of detrimental reliance or injury in fact, but “arises from positive rules of procedure based on justice and sound public policy.”  
Long v. Knox
, 291 S.W.2d 292, 295 (Tex. 1956).  

In his sixth through ninth points, appellant argues that the State was equitably and judicially estopped from prosecuting him for failure to register because the State was aware that he was incarcerated during a portion of the dates that he failed to register.
(footnote: 6)  The fact that Travis County informed the Denton Police Department that appellant was incarcerated in Travis County for a theft offense, and the fact that appellant was released from the Denton County Jail on June 10, 2004, did not relieve appellant from his duty to 
report
 his change of address to his primary registration authority seven days prior to the change.  Appellant put on no evidence that he was prevented from reporting under the sex offender registration statute by jail authorities.  Nevertheless, the evidence showed that either before appellant was jailed, or after he was released, he changed his address without first providing notice to his registration authority.  The State’s awareness of the portion of time that appellant spent in jail was irrelevant to the violation of his duty to 
report
 to the registration authority and irrelevant to the doctrines of equitable and judicial estoppel.  Further, even though appellant later listed his address as 2220 Carriage Hill, he never actually lived there.  Thus, because the evidence at trial showed that appellant did not register or even attempt to register his address, while incarcerated or free, the State never had notice of his address for the purposes of the statute.  Therefore, the doctrines of equitable and judicial estoppel do not apply, and we overrule appellant’s sixth through ninth points.  
See Arroyo
, 117 S.W.3d at 798.  

In his tenth and eleventh points, appellant argues that the State was equitably and judicially estopped from either (1) introducing evidence of his incarceration during the punishment phase of trial after previously objecting to such evidence at the guilt-innocence phase of trial or (2) estopped from objecting to appellant’s introduction of such evidence at the guilt-innocence phase of trial because the State had asserted in a pretrial notice of intent to introduce extraneous offenses that it intended to introduce evidence that appellant was convicted of felony theft in Travis County on April 15, 2004 and received a jail sentence of 365 days.
(footnote: 7)  The State objected during the guilt-innocence stage of trial, and the trial court refused to admit, appellant’s testimony regarding his incarceration because there was no evidence showing that appellant intended to register but the police prevented him from doing so after his arrest.
(footnote: 8)  After hearing appellant’s argument on the admission of the incarceration evidence, the trial court determined that such evidence might cause the jury to speculate that the incarceration prevented appellant from registering when in fact no evidence existed showing that the officers or jailers who incarcerated appellant ever prevented him from contacting his registration authorities.  After considering the evidence, the trial court determined that it was not admissible.   

At the punishment stage of trial, the State offered appellant’s jail records, and appellant’s counsel stated, “No objection,” to the admission of the records.  Because he did not object to the admission of these records, appellant failed to preserve this complaint for our review.  
See
 
Tex. R. App. P.
 33.1(a)(1); 
Mosley
, 983 S.W.2d at 265.

As a subissue, appellant argues that the State’s objection to his introduction of jail records at the guilt-innocence stage of trial should have been overruled and appellant should have been allowed to introduce the records at that point.  However, when the State objected on relevance and hearsay grounds regarding the introduction of this evidence, appellant argued only that the records were relevant and did not address the hearsay argument or the estopped arguments brought on appeal.  Accordingly, appellant did not preserve this complaint for our review.  
See
 
Tex. R. App. P.
 33.1(a)(1); 
Mosley
, 983 S.W.2d at 265.  We overrule appellant’s tenth and eleventh points.

In his twelfth and thirteenth points, appellant argues that the doctrines of judicial and equitable estoppel should have prevented the State from presenting evidence that he never resided at 2220 Carriage Hill because the State had previously asserted in its notice of intent to introduce evidence of extraneous offenses that appellant failed to register his move to that address.  According to appellant, this should be treated as an admission that he actually lived at 2220 Carriage Hill, and thus the State should have been barred from presenting evidence to the contrary.  When the State asked Detective Nichols where she believed appellant was residing based on her investigation, appellant objected on the following grounds: hearsay, no predicate, and “confrontation.”  The trial court admitted the officer’s answer “for the limited purpose of explaining [her] actions.”  However, when Kendra Harper testified immediately thereafter that appellant had not lived at 2220 Carriage Hill, appellant did not object on any grounds, estoppel or otherwise.  Appellant’s counsel would have known the contents of the State’s 404(b) notice at that time because the purpose of the notice is for him to be prepared at trial; thus, the proper time for appellant to object to this evidence was when it was offered.  By failing to timely object to the admission of this testimony, appellant failed to preserve this complaint for our review.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley
, 983 S.W.2d at 265.  Accordingly, we overrule appellant’s twelfth and thirteenth points.

VII.  Appellant’s Fourteenth Point

In his fourteenth point, appellant claims that the trial court erred by denying his motion to quash the indictment.  Appellant asserts that the “on or about” language in the indictment unfairly prejudiced him because it failed to advise him of the specific dates for which he failed to register. 

The indictment alleged that appellant, “on or about” December 25, 2004,  failed to provide the registration authorities with his anticipated move date or new address not later than the seventh day before changing addresses and failed to meet his annual registration requirement.  The date alleged was the latest date by which appellant could have performed his annual registration requirement in 2004 (thirty days from his November 25 birthday).  At the close of the evidence, the State abandoned the alleged annual registration violation and proceeded only with the allegation that appellant failed to notify his registration authority seven days before an intended change of address.

It is well established that the State may allege the commission of an offense “on or about” a certain date, and this allegation allows the State to prove any date that is anterior to presentment of the indictment and within the statutory limitations period.  
See Garcia v. State
, 981 S.W.2d 683, 685-86 (Tex. Crim. App. 1998); 
Sledge v. State
, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997); 
Ferrell v. State
, 968 S.W.2d 471, 473 (Tex. App.—Fort Worth 1998, pet. ref’d).  An indictment that alleges an “on or about” date puts a defendant on notice that he must be prepared to defend against the alleged act of criminal misconduct within the applicable statute of limitations.  
See Garcia
, 981 S.W.2d at 686; 
Ferrell
, 968 S.W.2d at 473.
     

Here, the indictment was presented on June 2, 2005.  Evidence at trial showed that the alleged offense was committed after October 2003.  The limitations period for a violation of the sex offender registration statute is three years from the commission of the offense.  
Tex. Code Crim. Proc. Ann.
 art. 12.01(6) (Vernon Supp. 2007).  Further, the jury was instructed as to the legal meaning of the “on or about” language.  Therefore, the evidence showed that the offense was committed on a date anterior to the presentment of the indictment and within the statute of limitations.

Appellant argues that the “on or about” language is insufficient to give notice because the offense here was “time specific.”  We disagree.  Appellant received notice that he was charged with failing to report to the registration authorities within seven days before changing addresses.  
See 
Tex. Code Crim. Proc. Ann.
 art. 62.055(a).  Hence, the exact date of the alleged offense was seven days prior to the date that appellant changed his address.  Because appellant failed to report prior to moving, his own behavior prevented the State from determining the exact date of the offense.  In such a situation, the State may use the “on or about” language to give a defendant notice of the offense.  
See Garcia
, 981 S.W.2d at 686 (noting that the State may use an “on or about” date if it does not know the precise or even approximate date that the offense occurred).  Because appellant received proper notice of the offense dates in the indictment, he was not unfairly prejudiced. 
 See id. 
 Accordingly, we overrule appellant’s fourteenth point.   

VIII.  Appellant’s Fifteenth Through Nineteenth Points

In his fifteenth through nineteenth points, appellant argues that the trial court erred by refusing to admit evidence supporting and refusing to submit a charge on an impossibility defense, by refusing to admit evidence that negated an essential element of the offense, and by refusing to submit a jury charge on the defense of mistake of law.     

Legal impossibility exists “where the act if completed would not be a crime, although what the actor intends to accomplish would be a crime.” 
 
See Chen v. State
, 42 S.W.3d 926, 929 (Tex. Crim. App. 2001)
.  It has also been described as “existing [when] what the actor intends to do would not constitute a crime, or at least the crime charged.” 
 Id.  
Intent is a necessary element of the legal impossibility defense.  
See id. 

The charge to the jury must set forth “the law applicable to the case.” 
 Gray v. State,
 152 S.W.3d 125, 127-28 (Tex. Crim. App. 2004); 
Quattrocchi v. State, 
173 S.W.3d 120, 122 (Tex. App.—Fort Worth 2005, pet. ref’d). 
 The primary source for this general directive can be found in article 36.14 of the code of criminal procedure, which requires courts to instruct the jury on the law applicable to the case.  
Tex. Code Crim. Proc. Ann.
 art. 36.14 (Vernon 2007); 
Huizar v. State,
 12 S.W.3d 479, 483 (Tex. Crim. App. 2000) (op. on reh’g); 
Quattrocchi,
 173 S.W.3d at 122
.  Courts should also charge on every defensive issue raised by the evidence.  
Quattrocchi,
 173 S.W.3d at 122. When evidence raises a defensive issue and the defendant properly requests a jury charge on that issue, the court must submit that issue to the jury as well.  
Tex. Code Crim. Proc. Ann.
 art. 36.15
; 
Mendoza v. State,
 88 S.W.3d 236, 239 (Tex. Crim. App. 2002).
  In deciding whether to give a defensive charge, the trial court should not consider the credibility of the evidence, but only whether it is raised.  
See Woodfox v. State
, 742 S.W.2d 408, 409 (Tex. Crim. App. 1987).  

At trial, appellant offered, and the trial court refused to admit, evidence of his incarceration for theft.
(footnote: 9)  Appellant contends that it was impossible for him to update the 321 Gardenview address because of his incarceration from January 2004 to June 10, 2004.  
However, there is no evidence showing that appellant intended to update his address before January 2004 but was prevented from doing so because of his incarceration on the theft offense. 
 Further, evidence at trial revealed that 
appellant made no attempt to register the 2220 Carriage Hill address or any other address after his release from incarceration on June 10, 2004, until his subsequent arrest in July 2005.  There is also no evidence showing that appellant 
intended
 to update his address during this time frame.  Therefore, the evidence offered by appellant, which the trial court refused to admit, would not have shed light on his failure to register during the times he was not incarcerated.  Hence, appellant’s case does not present the doctrine of legal impossibility.  
See Chen
, 42 S.W.3d at
 929-30.  Therefore, the trial court did not err by refusing to allow evidence of appellant’s impossibility defense or by refusing to charge the jury on this defense.  
See Quattrocchi,
 173 S.W.3d at 122. 
 Accordingly, we overrule appellant’s fifteenth and sixteenth points.  

In his seventeenth and eighteenth points, appellant asserts that the trial court erred by refusing to allow evidence supporting his impossibility defense because this evidence also negated elements of the charged offense.  During trial, counsel attempted to introduce evidence as follows:

[DEFENSE COUNSEL]: I have evidence from I believe January 30th through the middle of June –

THE COURT:  That he was in custody.

[DEFENSE COUNSEL]: – that he was in custody.

THE COURT:  Right.

[DEFENSE COUNSEL]:  I should be able to put that evidence before the jury and argue to the jury, jury, he was in jail.  We can use our common sense.  He can’t walk out of jail to report in person to the municipality, the police department at Denton.  Between the 30th of October and when he was arrested in January, there is absolutely no proof presented by the State that he left that residence.  I should be able to argue that.  

THE COURT:  And I’m saying if you have some affirmative evidence on a defense that that is what kept him from registering, yes, I agree with you.  But if you just want to guess, have the jury guess that that is the reason he didn’t register is because he was living there and was arrested 
out of that house and the police wouldn’t take him over there to register
, then you are just asking them to speculate or – or – you are asking me to put something in the charge that is not supported by the evidence.  

[DEFENSE COUNSEL]:  Judge, I think that is common knowledge – I’m not talking about the charge.  

THE COURT:  Let’s say you put on that evidence.  You still don’t get the charge because there is no evidence – I mean, the evidence in your bill of exception, because there is nothing in the record that shows they prevented your defendant from registering. 

[Emphasis added.] 

The trial court ultimately refused to admit evidence of appellant’s incarceration. 

Because there was no evidence suggesting that appellant intended to register but the police or jailers prevented him from doing so after his arrest, the trial court did not abuse its discretion by refusing to admit evidence of the incarceration.  
See 
Tex. R. Evid.
 402 (providing that if evidence is not relevant, it is not admissible),
 403 (providing that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of confusion of the issues or misleading the jury); 
Resendiz v. State
, 112 S.W.3d 541, 544 (Tex. Crim. App. 2003) (holding that trial court did not abuse its discretion by refusing to admit photographs depicting extraneous offenses committed by defendant on relevancy grounds when the defendant failed to establish why the photos were necessary to establish insanity defense), 
cert. denied
, 541 U.S. 1032 (2004); 
Hale
, 140 S.W.3d at 395-97 (holding that trial court did not abuse its discretion by refusing to admit evidence that a child victim was sexually experienced on relevancy grounds when the defendant never established that the victim had actually engaged in sexual acts with others)
.

Further, even if evidence of appellant’s incarceration was improperly excluded, appellant cannot show harm.  
If a trial court abuses its discretion by refusing to admit evidence, the judgment will not be reversed if the error was harmless.  
Tex. R. App. P.
 44.2(b); 
Wesbrook v. State,
 29 S.W.3d 103, 119 (Tex. Crim. App. 2000), 
cert. denied
, 532 U.S. 944 (2001)
; McClellan v. State,
 143 S.W.3d 395, 401 (Tex. App.—Austin 2004, no pet.)
.  
In assessing the likelihood that the jury’s decision was adversely affected by an error, we consider everything in the record, including any testimony or physical evidence admitted for the jury’s consideration, the nature of the evidence supporting the verdict, the character of the alleged error, and how it might be considered in connection with other evidence in the case.  
Nonn v. State,
 117 S.W.3d 874, 881 (Tex. Crim. App. 2003); 
Motilla v. State
, 78 S.W.3d 352, 355-56 (Tex. Crim. App. 2002); 
Booker v. State
, 103 S.W.3d 521, 538 (Tex. App.—Fort Worth 2003, pet ref’d)
 (op. on reh’g).  

Here, 
appellant made no attempt to register the 2220 Carriage Hill address or any other address after his release from incarceration on June 10, 2004, until his subsequent arrest in July 2005.  Further, appellant made no contact with his primary registration authority from October 2003 until his arrest in July 2005 and did not register thirty days before his November 25, 2004 birthday.  Most importantly, there is also no evidence showing that appellant 
intended
 to comply with any provision of article 62.055(a) after October 2003. 
See Varnes
, 63 S.W.3d at 832.  

Thus, the jury was presented with ample evidence establishing that appellant violated the mens rea element of article 62.055(a).  
See 
Tex. Code Crim. Proc. Ann.
 art. 62.055(a).  Therefore, even if it was error to exclude evidence of appellant’s incarceration, such error was harmless.  
See 
Tex. R. App. P.
 44.2(b); 
Wesbrook,
 29 S.W.3d at 119; 
McClellan,
 143 S.W.3d at 401
.  Accordingly, we overrule appellant’s 
seventeenth and eighteenth points.

In his nineteenth point, appellant argues that the trial court erred by refusing to submit a jury charge on the defense of mistake of law.  A review of the record reveals that appellant never asked the trial court to include such a charge.
(footnote: 10)  Therefore, appellant waived this complaint for appellate review.  
See 
Tex. R. App. P
. 33.1(a)(1); 
Posey v. State
, 966 S.W.2d 57, 61-62 (Tex. Crim. App. 1998) (holding that the trial court has no duty to sua sponte instruct the jury on unrequested defensive issues when the issues are not “law applicable to the case”)
.  Accordingly, we overrule appellant’s nineteenth point.  

IX.  Appellant’s Twentieth Point

In his twentieth point, appellant argues that the trial court erred by denying his motion for mistrial after the prosecutor made inflammatory remarks during closing argument in the punishment trial.  The relevant exchange is as follows:

[STATE]:  And think about that – those offenses.  The Defense, well, like he said, well gosh he only got ten years TDC back here.  That’s the maximum he could get for this offense.  I submit to you, think about that offense.  You are a new jury.  There wasn’t a jury here.  This was a plea.  You get an opportunity now to go ahead and say was it an appropriate amount for indecent contact, forcing a six-year-old to touch his genitals?  

[DEFENSE COUNSEL]:  Your Honor, I’m going to object to that.  He’s limited to being punished on the present crime.  They can consider that – 

THE COURT:  I’ll sustain the objection.

[DEFENSE COUNSEL]:  I will ask the – instruct the jury to disregard.

THE COURT:  Ladies and gentlemen, you will disregard the last comment of counsel.

[DEFENSE COUNSEL]
:  Move for mistrial.

THE COURT:  Denied.

[STATE]:  You can consider what that offense was in considering the man that you all have to decide whether he goes for two or up to 20 years.  

To be permissible, the State’s jury argument must fall within one of the following four general areas:  (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing counsel, or (4) plea for law enforcement. 
 Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

When the trial court sustains an objection and instructs the jury to disregard but denies a defendant’s motion for a mistrial, the issue is whether the trial court abused its discretion by denying the mistrial.  
Hawkins v. State
, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).  Only in extreme circumstances, when the prejudice caused by the improper argument is incurable, i.e., “so prejudicial that expenditure of further time and expense would be wasteful and futile,” will a mistrial be required.  
Id.; see also Simpson v. State,
 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), 
cert. denied,
 542 U.S. 905 (2004).  In determining whether the trial court abused its discretion by denying the mistrial, we balance three factors:  (1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the certainty of the punishment assessed absent the misconduct.  
Hawkins,
 135 S.W.3d at 77
.

When assessing the prejudicial effect of the statement, it is important to view the statement in context with the entire record.  
See Hawkins
, 135 S.W.3d at 78-80.  Appellant’s counsel objected only one other time to this prosecutor’s closing argument on this topic, and that objection was overruled.  Further, the other prosecutor’s closing argument drew no objections from appellant’s trial counsel.  Additionally, the prosecutor’s statement here was part of his answer to the argument of appellant’s trial counsel, and appellant’s prior convictions for indecency with a child and theft were both in the record at the punishment trial.  Also, the trial court’s immediate and specific curative instruction, coupled with the prosecutor’s own “self-corrective” clarification, reduced the prejudicial effect of the statement.  
See id. 
at 84.

When reviewing the certainty of the punishment assessed absent the alleged improper argument, we consider appellant’s prior and present convictions.  
See id. 
at 85.  The punishment record shows that appellant previously plead nolo contendere to the offense of injury to a child and was given deferred adjudication.  Appellant did not abide by the conditions of his community supervision and was adjudicated guilty; however, the sentence was suspended and he again was placed on community supervision.  Again, appellant did not follow the conditions of his community supervision and was sentenced to two years imprisonment.

Appellant also pled guilty to indecency with a child and received deferred adjudication.  When appellant failed to abide by the conditions of his community supervision, he was sentenced to four years’ imprisonment.  In summary, appellant failed to complete three terms of community supervision, and even if the alleged misconduct by the prosecutor had not occurred, the jury had ample evidence to support a harsh sentence.  

After balancing the three factors regarding the trial court’s denial of a motion for mistrial, we conclude that the trial court did not abuse its discretion in denying the mistrial.  
See id.
 at 77
.  Accordingly, we overrule appellant’s twentieth point. 

X.  Conclusion

Having overruled appellant’s twenty points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 31, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Johnson also testified that he resided at 321 Gardenview from June 23, 2004 until December 20, 2005.

3:
Both of appellant’s points raise as applied constitutional challenges.  An as applied constitutional challenge to a statute is waived if it is not asserted at the trial court level.  
See Briggs v. State
, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990).

4:
Although article 62.055(a) requires individuals subject to the registration rules to report within seven days before or after a change of residence, appellant was indicted only for failing to report seven days 
before 
a change of residence. 
 
Tex. Code Crim. Proc. Ann.
 art. 62.055(a).  Appellant admits that he may have violated the latter part of article 62.055(a), but the indictment and jury charge only track the “seven days before” language, so that is the only violation at issue.  
See Rios
, 141 S.W.3d at 752.  

5:
In his brief, appellant asks us to take judicial notice of his application for a court-appointed attorney, which disclosed his 2220 Carriage Hill address and was filed on June 3, 2004, while he was in the Denton County Jail for the theft charge.  However, this document was never admitted into evidence or presented to the trial court.  Therefore, we will not consider it in our review.  
See Whitehead v. State
, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004) (noting that an appellate court may not consider factual assertions that are outside the record).  

6:
We note that appellant did not provide us with any relevant citations to the record regarding these points.  If a party does not refer the appellate court to the precise pages in the record where the error allegedly occurred, the appellate court may properly overrule the point as inadequately briefed. 
 Lawton v. State
, 913 S.W.2d 542, 554 (Tex. Crim. App. 1995), 
cert. denied
, 519 U.S. 826 (1996), 
disavowed on other grounds by Mosley v. State
, 983 S.W.2d 249, 263, n.18 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999); 
Alvarado v. State
, 912 S.W.2d 199, 210 (Tex. Crim. App. 1995).

7:
The notice states that it was filed in accordance with rules 404(b) and 609(f), as well as articles 37.07 of the code of criminal procedure; thus, it is unclear whether the notice indicated an intent to introduce this evidence at guilt-innocence or at punishment.

8:
We address the relevancy of this evidence when addressing appellant’s impossibility defense argument.

9:
Appellant attempted to introduce a bill of exceptions discussing this offense.  

10:
We also note that appellant did not provide us with any relevant citations to the record regarding this point.  
If a party does not refer the appellate court to the precise pages in the record where the error allegedly occurred, the appellate court may properly overrule the point as inadequately briefed. 
 Lawton
, 913 S.W.2d at 554
; 
Alvarado
, 912 S.W.2d at 210.