James Thomas QUATTROCCHI,
Appellant,

v.

The STATE of Texas, State.

No. 2–04–421–CR.

Court of Appeals of Texas,
Fort Worth.

July 28, 2005.

David Richards, Fort Worth, for Appellant.

Tim Curry, Criminal District Atty., Charles M. Mallin, Kimberly Wesley, Jim Hudson, and Shane Lewis, Asst. Criminal District Attys., Fort Worth, for State.

Panel B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

Appellant James Thomas Quattrocchi appeals his jury conviction on two counts of bodily injury to a child for injuring one of his sons whom he had disciplined for lying. After the jury convicted appellant, the trial court sentenced him to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice on both counts with the sentences to be served concurrently. We affirm.

### Background

Appellant, a divorced father of two boys, had told his eleven-year-old son, the complainant, that if the complainant lied to him again, appellant would burn the complainant's tongue. One weekend, while both boys were visiting at appellant's house and playing video games with a friend, the complainant called the friend "stupid." Appellant asked whether the complainant said that, but the complainant denied it. Appellant told the complainant to go get a lighter. When the complainant did so, appellant grabbed complainant's tongue with a paper towel and held the lit lighter under his tongue for about six seconds. After this, appellant also slapped complainant in the face about twenty times, causing complainant's nose to bleed. Appellant told both the boys not to tell anyone what happened. The next day, however, the complainant told his mother what happened, and she took him to the hospital.

Both boys testified to the same facts, and the medical evidence showed that complainant suffered from first-and-second degree burns under his tongue. Appellant also testified, claiming that the complainant's lying had been a consistent problem for over a year and that he had threatened this punishment only to stop the lying and as a form of discipline. Appellant also testified that he had no intention of actually burning complainant's tongue and that he did not burn it that day. He denied having held the flame under complainant's tongue for as long as complainant said and denied that the flame came into contact with complainant's tongue. Appellant also stated that he slapped complainant only three or four times and did not cause a nose bleed, only that he knocked complainant's glasses off.

### Points on Appeal

Appellant's points on appeal all relate to alleged charge error regarding his parental justification defense under section 9.61 of the Texas Penal Code. TEX. PENAL CODE ANN. § 9.61 (Vernon 2003). He contends that the trial court erred in not applying the law on this defensive theory to the facts of the case; that the charge given was fatally confusing because the "initial words of the charge place the reasonable doubt burden on [him]"; and that the

charge erroneously placed "the burden of proof on his defensive issue on appellant beyond a reasonable doubt, when that burden belonged on the State" as required by sections 2.03(d), 9.02, and 9.61 of the penal code. *Id.* §§ 2.03(d), 9.02, 9.61.

In order to appropriately address charge error issues, we must first determine whether there is error in the jury charge. *Posey v. State,* 966 S.W.2d 57, 60 (Tex.1998). To make this determination, we must decide whether this defense requires a special instruction and, if so, whether one was required under the facts of this case.

### Parental Justification Defense Defined

■ The parental justification defense of Texas Penal Code section 9.61 is available only in those cases in which a parent, or one properly acting as a parent, uses nondeadly force and "when and to the degree the [person] reasonably believes the force is necessary to discipline the child or to safeguard or promote his welfare." TEX. PENAL CODE ANN. § 9.61(a)(2); *Prenger v. State,* 108 S.W.3d 501, 506 (Tex. App.-Houston [14th Dist.] 2003, pet. ref'd); *see also* TEX. PENAL CODE ANN. § 9.01. "The use of force under section 9.61 is not justified simply because of a parent's subjective belief that the force is necessary; rather, the use of force is justified only if a reasonable person would have believed the force was necessary to discipline the *child or to safeguard or promote the child's welfare." Assiter v. State,* 58 S.W.3d 743, 748 (Tex.App.-Amarillo 2000, no pet.) (emphasis supplied). The "reasonable belief" standard is an objective standard. *Id.; see also* TEX. PENAL CODE ANN. § 1.07(a)(42) (Vernon Supp.2004–05) (defining "reasonable belief" as that held by "an ordinary and prudent man in the same circumstances as the actor").

### Does the Parental Justification Defense Require a Special Instruction?

■ The charge to the jury must set forth "the law applicable to the case." *Gray v. State,* 152 S.W.3d 125, 127–28 (Tex.Crim.App.2004). The primary source for this general directive can be found in article 36.14 of the code of criminal procedure, which requires courts to instruct the jury on the law applicable to the case. TEX.CODE CRIM. PROC. ANN. art. 36.14 (Vernon Supp.2004–05); *Huizar v. State,* 12 S.W.3d 479, 483 (Tex.Crim.App.2000) (op. on reh'g); *Bluitt v. State,* 70 S.W.3d 901, 903 (Tex.App.-Fort Worth 2002), *rev'd on other grounds,* 137 S.W.3d 51 (Tex.Crim. App.2004). Courts should also charge on every defensive issue raised by the evidence. *Boget v. State,* 74 S.W.3d 23, 31 (Tex.Crim.App.2002). When evidence raises a defensive issue and the defendant properly requests a jury charge on that issue, the court must submit that issue to the jury as well. TEX.CODE CRIM. PROC. ANN. art. 36.15; *Mendoza v. State,* 88 S.W.3d 236, 239 (Tex.Crim.App.2002).

Additionally, sections 2.03(c) and 2.04(c) of the penal code require the court to charge on defenses and affirmative defenses if evidence of the defense is raised by the evidence. TEX. PENAL CODE ANN. §§ 2.03(c), 2.04(c). If it is simply a "defense," then "the court shall charge that a reasonable doubt on the issue requires that the defendant be acquitted." *Id.* § 2.03(d). If it is an "affirmative defense," then "the court shall charge that the defendant must prove the affirmative defense by a preponderance of evidence." *Id.* § 2.04(d).

In *Giesberg v. State,* the court of criminal appeals determined that defenses that have been created by the legislature that tend either to totally exonerate a defendant or to excuse or justify a defendant's conduct so that he is absolved of culpabili-

ty, such as those identified in chapters eight (General Defenses to Criminal Responsibility) and Nine (Justifications for Criminal Conduct) of the penal code, require a special instruction. 984 S.W.2d 245, 248–50 (Tex.Crim.App.1998), *cert. denied,* 525 U.S. 1147, 119 S.Ct. 1044, 143 L.Ed.2d 51 (1999); *see also Ortiz v. State,* 93 S.W.3d 79, 92 (Tex.Crim.App.2002) (holding defensive instruction on suicide not required because it is not a statutorily-enumerated defense and serves merely to negate certain elements of the offense), *cert. denied,* 538 U.S. 998, 123 S.Ct. 1901, 155 L.Ed.2d 824 (2003). Thus, the court of criminal appeals concluded that only those defenses recognized by the legislature as either a defense or as an affirmative defense warrant a separate instruction.[1] *Giesberg,* 984 S.W.2d at 250.

■ The parental justification defense of chapter nine is not considered an affirmative defense; it is a defense. *Assiter,* 58 S.W.3d at 746 n. 3. Because it is a statutory defense recognized by the legislature, an instruction is required if there is some evidence to support it. *See Huizar,* 12 S.W.3d at 483. Although on appeal the State contends that the evidence did not raise the defense, at trial the State conceded the propriety of giving a 9.61 paren-

tal defense instruction. Therefore, we assume the evidence sufficiently raised the defense. We must now determine whether the trial court gave a proper instruction.

## Was the Parental Justification Defense Properly Given?

■ After the parties had both rested, the trial court asked whether either had any objections to the proposed charge. Appellant objected and requested that the trial court add an instruction on the parental justification defense described in section 9.61 of the penal code to two places in the charge: right before the reasonable doubt instruction being given for both counts.[2] The defense requested the following:

> It is a defense to prosecution that the actor use[d] force, but not deadly force, against a child younger than 18 years of age. The actor was the child's parent, and the force used was to the degree which the actor reasonably believed the force was necessary to discipline the child or safeguard or promote the child's welfare.

The trial court agreed, but the prosecution requested that the additional charge on the parental justification defense "track

1. The Texas Court of Criminal Appeals also instructs us in *Giesberg* that we should use the term "defense" only when referring to those defenses recognized by the legislature. *Giesberg,* 984 S.W.2d at 250. We will therefore refer to "defenses" and "affirmative defenses" as those recognized by the legislature and will use the terms "defensive theory" or "defensive issue" to refer to those theories that are not so recognized and that generally only rebut an element of an offense.

2. Appellant asked that the parental justification instruction be placed in two different locations, but "the same thing" for each count. First, he asked it to be placed in the abstract portion of the charge before the general reasonable doubt instruction, and second, before the reasonable doubt instruction

as to count two. However, he also states that it should be "the same thing," which we interpret to mean before the reasonable doubt instruction as to each count as opposed to before the reasonable doubt instruction given in the abstract portion of the charge. This is the likely request because the final charge included the parental justification defense instruction before the reasonable doubt instruction given in connection with each count's application paragraph. All the relevant definitions were included in the abstract portion of the charge. Our analysis is somewhat limited because the proposed charge, which apparently had numbered pages and paragraphs to which counsel refers in the charge conference, is not included in the appellate record.

the statute as close as possible." Further, the prosecution asked the trial court to add definitions on "reasonable belief" and "serious bodily injury" from section 1.07 of the code and "deadly force" from section 9.01 of the code. *See* TEX. PENAL CODE ANN. §§ 1.07(a)(42), (46), 9.01(3). The trial court granted the State's request also and directed both parties to coordinate with the court reporter to make the changes to the charge. When court reconvened, the judge asked if both parties were ready and confirmed that the changes had been made. Neither side raised any further objections, and the revised charge was read to the jury.

The charge given the jury included a parental justification defense instruction along with definitions for "deadly force," "serious bodily injury," and "reasonable belief." While the charge included a parental justification defense instruction, it was not the same wording as requested by appellant. Instead of the language requested, the instruction stated,

> The use of force, but not deadly force, against a child younger than 18 years is justified if the actor is the child's parent or stepparent or is acting in loco parentis to the child and when and to the degree ... the actor reasonably believes the force is necessary to discipline the child or to safe-guard or promote his welfare.
>
> In "loco parentis" includes [a] grandparent and guardian, any person acting by, through, or under the direction of a court with jurisdiction over the child, and anyone who has express or implied consent of the parent or parents.
>
> Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof you will *acquit* the Defendant of the offense of Injury to a Child–Bodily Injury and say by your verdict "Not Guilty."

The preceding three paragraphs were included not once but twice, after each of the application paragraphs for the two counts—one count alleging bodily injury by burning the child's tongue and the other count alleging injury by striking the child in the face with appellant's hand. These paragraphs included the language of the parental justification defense directly from the statute. Additionally, the definitions for deadly force, serious bodily injury, and reasonable belief were included in the preliminary abstract portion of the charge. Thus, we conclude that the instruction was included in the two places requested by appellant, right before the last paragraph of each count. Moreover, we also note that the wording submitted by the trial court was virtually identical to that proposed by appellant. Neither the language proposed by appellant nor the language submitted by the trial court included language "applying" the law to the facts of the case or language specifically placing the burden of proof on the State with regard to the defense. In other words, appellant's proposed instruction was also strictly definitional in nature; it did not include a proposed application of the law of the parental justification defense to the particular facts of this case, nor did it include separate instructions on who had the appropriate burden of proof. And, significantly, appellant requested, or at least agreed, that the instruction be placed immediately before the final reasonable doubt paragraph of each count that included the general instruction on burden of proof.

Despite the foregoing, appellant maintains that the charge was fatally confusing, that it placed the burden of proof for the defense on him, and that it failed to include a proper application paragraph. We disagree for several reasons.

First, the instruction was not fatally confusing. The instruction was very simple and tracked the statutory language of the defense itself. Further, elements of the defense, such as "deadly force" and "reasonable belief," were clearly defined in the abstract portion of the charge. We overrule appellant's second point.

■ Second, we do not believe that the instruction placed the burden of proof for the defense on appellant. The burden of proof instruction for each count was in the very last paragraph and stated, "Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of the offense of Injury to a Child–Bodily Injury and say by your verdict 'Not Guilty.'" Moreover, the burden of proof instruction immediately followed the special instruction on the parental justification defense. And nowhere in this language does the instruction move the burden of proof to the defense.[3] While the burden of production would remain with the defense, which is true for any defense or defensive theory, the burden of proof for the offense itself remains with the State under this charge. We overrule appellant's third point.

Lastly, we do agree with appellant that the instruction on the defense was not completely "applied" to the facts of his case. However, the instruction was placed immediately after both counts' application paragraphs and before each reasonable doubt instruction. Thus, the defense was clearly available as to each count. Moreover, each instruction was substantially similar to the instruction requested by appellant, each instruction was inserted where requested by appellant, and appellant raised no further complaints or objections after both sides had worked on the charge.

■ In situations like this, the court of criminal appeals has applied the "invited error rule" to claimed jury charge error. *See Turner v. State,* 87 S.W.3d 111, 117 (Tex.Crim.App.2002), *cert. denied,* 538 U.S. 965, 123 S.Ct. 1760, 155 L.Ed.2d 519 (2003). "If the trial court submitted it [the jury instruction] at appellant's request, then appellant invited any error and he cannot now be heard to complain." *Id.; Prystash v. State,* 3 S.W.3d 522, 531 (Tex. Crim.App.1999), *cert. denied,* 529 U.S. 1102, 120 S.Ct. 1840, 146 L.Ed.2d 782 (2000). This court has applied the invited error rule to jury charge error as well. *See Willeford v. State,* 72 S.W.3d 820, 823 (Tex.App.-Fort Worth 2002, pet. ref'd). We cannot see why this doctrine should not be applicable to all of appellant's charge complaints and, in particular, to his complaint regarding the lack of a clear application paragraph for his parental justification defense. Because of this, appellant may not now complain on appeal that the charge submitted by the trial court was erroneous. We overrule appellant's first point.

### Conclusion

Because we have overruled all of appellant's points, we affirm the judgment of the trial court.

DAUPHINOT, J. filed a concurring opinion.

---

**3.** We note that if the sentence were to be interpreted as appellant contends, that *"unless* you so find from the evidence beyond a reasonable doubt [that appellant's use of nondeadly force was justified], ... you will acquit," the result would be absurd. If the charge erroneously places the burden of proof on appellant, it would read, "unless you so find from the evidence beyond a reasonable doubt [that appellant's use of nondeadly force was justified], you will return a verdict of guilty." The use of "unless" shows that the burden of proof remained on the State.

LEE ANN DAUPHINOT, Justice, concurring.

I concur in the majority's result but not its analysis, other than that regarding invited error. The jury instruction is confusing and does shift the burden of proof to the defendant. The express instruction essentially orders the jury to *acquit* the defendant unless the jury finds the parental defense from the evidence or has a reasonable doubt thereof.

Reading the instruction as written leads to an absurd result, but this is the instruction that Appellant insisted upon, and it is incorporated into the jury charge exactly as he requested. Appellant cannot now complain about error that he invited.[1]

---

1. *See Prystash v. State,* 3 S.W.3d 522, 531–32 (Tex.Crim.App.1999), *cert. denied,* 529 U.S. 1102, 120 S.Ct. 1840, 146 L.Ed.2d 782 (2000).