COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-06-056-CR

 

NICKOLAS ERIC KOSICK                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 211TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                   MEMORANDUM
OPINION[1] ON
REHEARING

 

                                              ------------

After reviewing appellant
Nickolas Eric Kosick=s motion for
rehearing, we deny the motion.  However,
we withdraw our April 5, 2007 opinion and judgment and substitute the
following.

I.  Introduction








Appellant Nickolas Eric
Kosick appeals his felony conviction, thirteen-year sentence, and $6,500 fine
for violating the sex offender registration statute.  In twenty points, appellant challenges the
constitutionality of the sex offender registration requirements, asserts that
the evidence is legally and factually insufficient to support his conviction,
and argues that the trial court erred by ignoring the doctrines of equitable
and judicial estoppel when making evidentiary and procedural rulings and by denying
numerous other requests and motions.  We
affirm.

II.  Background Facts  

Appellant was convicted of
indecency with a child on December 17, 1998, and became subject to the sex
offender registration statute for life. 
In April of 2002, upon appellant=s release from prison, the Houston Police Department notified
appellant that he must verify his sex offender registration with the
appropriate law enforcement authority in the city or county where he resides. 








On October 30, 2003,
appellant moved from Houston to Denton and properly registered with the Denton
Police Department, stating that his address was 321 Gardenview in Denton,
Texas.  During the registration, Linda
Smith, the police department records technician, told appellant that he had to
register annually for life, that the City of Denton was his primary
registration authority, and that he must inform the Denton Police Department
seven days before or after changing his residence, employment, or vehicle.  Smith also testified that she received the
prerelease notification form that appellant had filled out in Houston prior to
his release from prison. 

On January 30, 2004,
appellant was arrested in Denton, Texas on a Travis County theft charge and
jailed in Austin, Texas, from February 4, 2004 to June 2, 2004, at which time
he was transferred to the Denton County Jail. 
His sentence completed, appellant was released from the Denton County
Jail on June 10, 2004.  Upon his release,
appellant did not return to his former address and did not register his new
address with the Denton Police Department. 
In December 2004, Detective Virginia Nichols of the Denton Police
Department began searching for appellant. 
Detective Nichols went to 321 Gardenview (appellant=s registered address) and determined that appellant had not lived
there for some time.  In fact, Aaron
Johnson and his wife had resided at 321 Gardenview since June 23, 2004.  Johnson testified that appellant never lived
at 321 Gardenview during that time.[2]








Based on the paperwork from
appellant=s 2004 theft
arrest, Detective Nichols next searched for him at 2220 Carriage Hill in
Denton, Texas.  Kendra Harper lived at
2220 Carriage Hill and told Detective Nichols that appellant never lived there.  Consequently, Detective Nichols was unable to
locate appellant.  At trial, Harper
testified that appellant had never resided with her and that she did not know
that appellant was listing her address as his own until she began receiving his
mail. 

In July 2005, Officer Haider
Khan, a deputy for the Denton County Sheriff=s Office, arrested appellant at 2220 Carriage Hill.  During book-in, appellant told Khan that his
residence was 2220 Carriage Hill. 
Because appellant=s last
registered address was 321 Gardenview, the State indicted him for failing to
register his new address not later than the seventh day before changing
addresses in accordance with his sex offender registration requirements.  A jury found appellant guilty of the charged
offense, sentenced him to thirteen years= imprisonment, and fined him $6,500. 
This appeal followed.  

III.  Appellant=s First Two Points








In his first point, appellant
asserts that article 62.051(a) of the Texas Code of Criminal Procedure, the sex
offender registration statute, violates due process by not providing a defense
based on the failure of a law enforcement agency to provide prerelease
notification of the registration requirements when a person who is subject to
registration is incarcerated and released. 
See Tex. Code Crim. Proc.
Ann. art. 62.051(a) (Vernon 2006). 
Appellant asserts in his second point that because article 62.051(a)
lacks such a defense, it denies due process by arbitrarily depriving an accused
of presenting defensive evidence.  The
basis of appellant=s arguments
on the first two points is that article 62.051(a) should have required an
official of the Denton County Jail to provide appellant with additional prerelease
notification on June 10, 2004, concerning his registration responsibilities
even though he was in jail for a theft charge and not for a reportable
conviction.  

The State asserts that
appellant waived these constitutional challenges by failing to present them to
the trial court.  We agree.  Although appellant=s trial counsel had lengthy discussions with the trial court regarding
the Denton County Sheriff=s Office=s alleged failure to notify appellant of his registration
requirements, trial counsel never brought up these constitutional
arguments.  Because the
complaint made on appeal does not comport with the complaint made in the trial
court, appellant forfeited his constitution-based points.  See Heidelberg v. State, 144 S.W.3d
535, 537 (Tex. Crim. App. 2004); Bell v. State, 938 S.W.2d 35, 54
(Tex. Crim. App. 1996), cert. denied, 522 U.S. 827 (1997); Rezac v.
State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).[3]  Accordingly, we overrule
appellant=s first two
points.








IV.  Appellant=s Third Point

In his third point, appellant
argues that if article 62.051(a) allows a defendant to offer evidence that he
did not receive prerelease notice of his registration requirements, the trial
court abused its discretion by excluding his evidence regarding lack of notice
by the Denton County Sheriff=s Office in June 2004 when he was released from his incarceration for
theft.

The standard of review for a
trial court=s admission
of evidence is abuse of discretion, and wide discretion is afforded to the
trial judge.  Green v. State, 934
S.W.2d 92, 101-03 (Tex. Crim. App. 1996), cert. denied, 520 U.S. 1200
(1997); Miller v. State, 196 S.W.3d 256, 267 (Tex. App.CFort Worth 2006, pet. ref=d); Hale v. State, 140 S.W.3d 381, 395 (Tex. App.CFort Worth 2004, pet. ref=d).  The trial court=s decision should be reversed on appeal only if there is a showing of
a clear abuse of discretion.  Green,
934 S.W.2d at 101-03; Miller, 196 S.W.3d at 267.  Only if the court=s decision falls outside the Azone of reasonable disagreement@ has it abused its discretion.  Rankin
v. State, 974 S.W.2d 707, 718 (Tex. Crim. App. 1998) (op. on reh=g); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1991) (op. on reh=g).   








Under article 62.053(a), a
sex offender must receive notification of his registration requirements at the
time he is released from imprisonment for a reportable conviction.  Tex.
Code Crim. Proc. Ann. art. 62.053(a); see id. art. 62.001(5)(A);
White v. State, 988 S.W.2d 277, 279 (Tex. App.CTexarkana 1999, no pet.) (stating the statute requires the
State to inform a person subject to registration about the requirements before
releasing him from prison for a reportable conviction); see also
Varnes v. State, 63 S.W.3d 824, 828-30 (Tex. App.CHouston [14th Dist.] 2001, no pet.) (noting that even if the State
fails to inform a defendant about his duty to register, the defendant is not
able to avoid prosecution).  Thus, the
appropriate authorities were required to notify appellant of the applicable
requirements when he was released from his incarceration on the indecency with
a child offense.  See Juarez v. State,
198 S.W.3d 790, 791-92 (Tex. Crim. App. 2006) (holding that an indecency with a
child conviction is a reportable conviction); see also Tex. Penal Code Ann. ' 21.11 (Vernon 2003) (setting out the statutory requirements for an
indecency with a child conviction); Tex.
Code Crim. Proc. Ann. art.
62.001(5) (listing all of the reportable convictions).  This notification must cover appellant=s responsibility to inform local registration authorities seven days
prior to or after an intended change of address.  See Tex.
Code Crim. Proc. Ann. art. 62.053(a)(1)(B); Rios v. State, 141
S.W.3d 750, 752 n.3 (Tex. App.CCorpus Christi 2004, pet. ref=d).








It is undisputed that
appellant received proper notification of his registration requirements upon
his initial release from incarceration in 2002 for the indecency with a child
offense.  Evidence at trial also revealed
that appellant had written notice of the registration requirements in both 2001
and 2002.  On October 30, 2003, appellant
knew to go to the Denton Police Department for his annual registration, where
he was reminded that his primary registration authority was that police
department.  Smith also testified that
she told appellant of the address change requirements.  In closing argument, appellant=s trial counsel noted that appellant had followed the registration
rules Aall of the way up through October of 2003.@  Considering all of these
factors, the record shows that appellant had actual knowledge of his
registration requirements including his responsibility to notify the Denton
Police Department within seven days of an intended address change. 








Although appellant contends
that the Denton County Sheriff=s Office was required to give additional notice in June, 2004, he was
in jail for the theft offense, which is not a reportable conviction requiring
notice.  See Tex. Code Crim. Proc. Ann. art. 62.001(5).  
Because article 62.053(a) requires that notice of the
registration requirements must only be given when a defendant is released from
imprisonment for a reportable conviction, appellant=s evidence regarding his lack of notice after being released for a
nonreportable conviction is irrelevant.  See id. arts. 62.001(5)(A), 62.053(a); White, 988 S.W.2d at
279.  Therefore, the trial court did not
abuse its discretion by excluding this evidence.  See Green, 934 S.W.2d at 101-03; Miller,
196 S.W.3d at 267.  Accordingly, we
overrule appellant=s third
point.

V.  Appellant=s Fourth and Fifth Points

In his fourth and fifth
points, appellant contends that the evidence is legally and factually
insufficient to support his conviction because the State failed to prove that
he did not intend to report a move, that the move was voluntary, and that the
offense occurred Aon or about@ the date alleged.  

In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).








In a sufficiency review, the
jury=s inference of intent is afforded more deference than the evidence
supporting proof of conduct.  Margraves
v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Circumstantial evidence of a defendant=s guilty knowledge is not Arequired to meet the same rigorous criteria for sufficiency as
circumstantial proof of other offensive elements.@  Id. (quoting Brown
v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995)). In determining the
legal sufficiency of the evidence to show an appellant=s intent, and faced with a record that supports conflicting
inferences, we Amust presumeCeven if it does not affirmatively appear in the recordCthat the trier of fact resolved any such conflict in favor of the
prosecution, and must defer to that resolution.@  Matson v. State, 819
S.W.2d 839, 846 (Tex. Crim. App. 1991).

When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
fact-finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder=s
determination is manifestly unjust.  Watson,
204 S.W.3d at 414-15, 417; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).  To reverse under the second
ground, we must determine, with some objective basis in the record, that the
great weight and preponderance of all the evidence, though legally sufficient,
contradicts the verdict.  Watson,
204 S.W.3d 417.








In determining whether the
evidence is factually insufficient to support a conviction that is nevertheless
supported by legally sufficient evidence, it is not enough that this court Aharbor a subjective level of reasonable doubt to overturn [the]
conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s resolution of a conflict in the evidence.  Id. 
We may not simply substitute our judgment for the fact-finder=s.  Johnson, 23 S.W.3d at
12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s determination of the weight to be given contradictory testimonial
evidence because resolution of the conflict Aoften turns on an evaluation of credibility and demeanor, and those
jurors were in attendance when the testimony was delivered.@ Johnson, 23 S.W.3d at 8. 
Thus, we must give due deference to the fact-finder=s determinations, Aparticularly those determinations concerning the weight and
credibility of the evidence.@  Id. at 9.








An opinion addressing factual
sufficiency must include a discussion of the most important and relevant
evidence that supports the appellant=s complaint on appeal.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  Moreover, an opinion reversing and remanding
on factual insufficiency grounds must detail all the evidence and clearly state
why the finding in question is factually insufficient and under which
ground.  Goodman v. State, 66
S.W.3d 283, 287 (Tex. Crim. App. 2001); Johnson, 23 S.W.3d at 7.

Appellant was charged with
intentionally, knowingly, or recklessly failing to provide his anticipated move
date or new address not later than the seventh day before changing his address.[4]  The last time that appellant registered his
address with the Denton Police Department was October 30, 2003; at that time,
his address was 321 Gardenview.  Testimony
at trial established that Aaron Johnson and his wife lived at 321 Gardenview
from June 23, 2004 to December 20, 2005. 
Johnson testified that appellant did not live with him during any of
this time.  Therefore, at some point
between October 30, 2003 and June 2004, appellant moved out of 321
Gardenview.  Further, in July 2005,
appellant was arrested at 2220 Carriage Hill. 
During the book-in process, appellant listed that address as his
residence.








Appellant argues that because
of his incarceration between January 30, 2004 and June 10, 2004, the State did
not prove that he Aintended@ to move from 321 Gardenview. 
However, evidence of appellant=s incarceration was not admitted at trial.  Because we may only consider evidence
actually admitted at trial in our sufficiency review, we cannot take appellant=s incarceration into consideration for intent purposes.  See Moff v. State, 131 S.W.3d 485, 489
(Tex. Crim. App. 2004). 

In his brief, appellant
further asserts that the State failed to prove the mens rea of the
offense.  Appellant contends that the
State did not show that he received proper notice of the registration
requirements because Smith told him that he must register within seven days
prior or seven days after changing addresses, and he was indicted only
for not registering within seven days prior to changing addresses.  Although the question of notice is not an
element of the offense, it does have a bearing on whether the State proved that
appellant had the necessary mental state to commit the offense.  See Varnes, 63 S.W.3d at 832.[5]








The evidence at trial showed
that appellant lived at 321 Gardenview in October 2003, but not from June 23,
2004 to December 20, 2005, and that he did not inform the Denton Police
Department within seven days of moving. 
Further, the evidence established that appellant failed to update his
registration thirty days before or after his November 25, 2004 birthday, which
was another requirement.  Appellant also
did not update his address within seven days of his alleged move to 2220
Carriage Hill and had no contact with his primary registration authority from
October 2003 to his arrest in July 2005. 
Although appellant was not charged with these additional offenses, the
jury could still use appellant=s lack of action to determine that he had no intention to comply with
any provision of article 62.055(a) after October 2003.  See id.   

Appellant also argues that
article 62.055(a) applies only if a defendant moves to another municipality,
and by simply changing residences within the same municipality, he was not
required to register.  Appellant cites no
relevant case law to support this contention, and contrary to this assertion,
nothing in article 62.055(a) indicates that the sex offender registration
requirements apply only to individuals moving to new municipalities.  See Lutz v. State, 184 S.W.3d 366,
367 (Tex. App.CAustin 2006, no pet.) (holding that the
registration requirements apply when a sex offender has any change in
address).  








After viewing all of the
evidence in the light most favorable to the verdict, we conclude that a
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Hampton, 165 S.W.3d at
693.  Therefore, we conclude that the
evidence is legally sufficient to support the verdict.  Further, after viewing the evidence in a
neutral light and giving due deference to the fact-finders= determinations, we conclude that the evidence is factually sufficient
to support the verdict.  See Watson,
204 S.W.3d at 414; Drichas, 175 S.W.3d at 799.  Accordingly, we overrule appellant=s fourth and fifth points.   

VI.  Appellant=s Sixth Through Thirteenth Points








In his sixth through
thirteenth points, appellant asserts that the trial court erred by ignoring the
doctrines of equitable and judicial estoppel when making several evidentiary
and procedural rulings.  Specifically,
appellant argues that the State was estopped from prosecuting him for violating
the sex offender registration laws because the State knew that he was
incarcerated during some of the time that he failed to register.  Appellant also argues that the State was
estopped from introducing evidence of his incarceration during the punishment
phase of trial because the State objected to the presentation of such evidence
during the guilt-innocence phase of trial and because it had previously
asserted in a pretrial notice of intent to introduce evidence of extraneous
offenses that it would introduce evidence of his conviction and sentence for
the offense for which he was incarcerated. 
Further, appellant argues that the doctrines of equitable and judicial
estoppel should have prevented the State from presenting evidence that he was
not residing at 2220 Carriage Hill because the State had previously asserted
that appellant did reside at that address in the same notice of intent
to introduce extraneous offenses.








Under the doctrine of
equitable estoppel, a party may be estopped from asserting a claim that is
inconsistent with that party=s prior conduct.  See Arroyo
v. State, 117 S.W.3d 795, 798 (Tex. Crim. App. 2003); State v. Yount,
853 S.W.2d 6, 9 (Tex. Crim. App. 1993) (op. on reh=g).  For example, in Yount,
the court held that the appellee, who had been indicted for involuntary
manslaughter but who had requested and received a jury charge on the lesser
included offense of driving while intoxicated, was estopped from complaining
that his conviction of that lesser included offense was barred by limitations.  See 853 S.W.2d at 9.  The court explained that Aappellee cannot benefit from the lesser included offense instruction
and then attack his conviction of that lesser included offense on limitations
grounds.@  Id.  Similarly, in Prystash v. State, 3
S.W.3d 522, 532 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1102
(2000), the court held that the appellant, who had affirmatively requested that
the trial court not submit to the jury one of the special issues statutorily
required for capital sentencing, was estopped from arguing on appeal that the
trial court had erred by failing to submit the special issue.  The court explained that Awe will not permit [an] appellant to complain of the trial court=s deleting a jury charge as he requested.@  Id.   

Under the doctrine of
judicial estoppel, a party who makes a sworn statement in a pleading,
deposition, oral testimony, or affidavit in a judicial proceeding is judicially
estopped from maintaining a contrary position in a subsequent proceeding.  See Matthews v. State, 165 S.W.3d 104,
110 (Tex. App.CFort Worth
2005, no pet.).  Unlike equitable
estoppel, judicial estoppel is not grounded on the elements of detrimental
reliance or injury in fact, but Aarises from positive rules of procedure based on justice and sound
public policy.@  Long v. Knox, 291 S.W.2d 292, 295
(Tex. 1956).  













In his sixth through ninth
points, appellant argues that the State was equitably and judicially estopped
from prosecuting him for failure to register because the State was aware that
he was incarcerated during a portion of the dates that he failed to register.[6]  The fact that Travis County informed the Denton
Police Department that appellant was incarcerated in Travis County for a theft
offense, and the fact that appellant was released from the Denton County Jail
on June 10, 2004, did not relieve appellant from his duty to report his
change of address to his primary registration authority seven days prior to the
change.  Appellant put on no evidence
that he was prevented from reporting under the sex offender registration
statute by jail authorities. 
Nevertheless, the evidence showed that either before appellant was
jailed, or after he was released, he changed his address without first
providing notice to his registration authority. 
The State=s awareness
of the portion of time that appellant spent in jail was irrelevant to the
violation of his duty to report to the registration authority and
irrelevant to the doctrines of equitable and judicial estoppel.  Further, even though appellant later listed
his address as 2220 Carriage Hill, he never actually lived there.  Thus, because the evidence at trial showed
that appellant did not register or even attempt to register his address, while
incarcerated or free, the State never had notice of his address for the
purposes of the statute.  Therefore, the
doctrines of equitable and judicial estoppel do not apply, and we overrule
appellant=s sixth
through ninth points.  See Arroyo,
117 S.W.3d at 798.  

 








In his tenth and eleventh
points, appellant argues that the State was equitably and judicially estopped
from either (1) introducing evidence of his incarceration during the punishment
phase of trial after previously objecting to such evidence at the
guilt-innocence phase of trial or (2) estopped from objecting to appellant=s introduction of such evidence at the guilt-innocence phase of trial
because the State had asserted in a pretrial notice of intent to introduce
extraneous offenses that it intended to introduce evidence that appellant was
convicted of felony theft in Travis County on April 15, 2004 and received a
jail sentence of 365 days.[7]  The State objected during the guilt-innocence
stage of trial, and the trial court refused to admit, appellant=s testimony regarding his incarceration because there was no evidence
showing that appellant intended to register but the police prevented him from
doing so after his arrest.[8]  After hearing appellant=s argument on the admission of the incarceration evidence, the trial
court determined that such evidence might cause the jury to speculate that the
incarceration prevented appellant from registering when in fact no evidence
existed showing that the officers or jailers who incarcerated appellant ever
prevented him from contacting his registration authorities.  After considering the evidence, the trial
court determined that it was not admissible. 
      

At the punishment stage of
trial, the State offered appellant=s jail records, and appellant=s counsel stated, ANo objection,@ to the
admission of the records.  Because he did
not object to the admission of these records, appellant failed to preserve this
complaint for our review.  See Tex. R. App. P. 33.1(a)(1); Mosley,
983 S.W.2d at 265.








As a subissue, appellant
argues that the State=s objection
to his introduction of jail records at the guilt-innocence stage of trial
should have been overruled and appellant should have been allowed to introduce
the records at that point.  However, when
the State objected on relevance and hearsay grounds regarding the introduction
of this evidence, appellant argued only that the records were relevant and did
not address the hearsay argument or the estopped arguments brought on
appeal.  Accordingly, appellant did not
preserve this complaint for our review.  See Tex.
R. App. P. 33.1(a)(1); Mosley, 983 S.W.2d at 265.  We overrule appellant=s tenth and eleventh points.








In his twelfth and thirteenth
points, appellant argues that the doctrines of judicial and equitable estoppel
should have prevented the State from presenting evidence that he never resided
at 2220 Carriage Hill because the State had previously asserted in its notice
of intent to introduce evidence of extraneous offenses that appellant failed to
register his move to that address. 
According to appellant, this should be treated as an admission that he
actually lived at 2220 Carriage Hill, and thus the State should have been
barred from presenting evidence to the contrary.  When the State asked Detective Nichols where
she believed appellant was residing based on her investigation, appellant objected
on the following grounds: hearsay, no predicate, and Aconfrontation.@  The trial court admitted the officer=s answer Afor the
limited purpose of explaining [her] actions.@  However, when Kendra Harper
testified immediately thereafter that appellant had not lived at 2220 Carriage
Hill, appellant did not object on any grounds, estoppel or otherwise.  Appellant=s counsel would have known the contents of the State=s 404(b) notice at that time because the purpose of the notice is for
him to be prepared at trial; thus, the proper time for appellant to object to
this evidence was when it was offered. 
By failing to timely object to the admission of this testimony, appellant
failed to preserve this complaint for our review.  Tex.
R. App. P. 33.1(a)(1); Mosley, 983 S.W.2d at 265.  Accordingly, we overrule appellant=s twelfth and thirteenth points.

VII.  Appellant=s Fourteenth Point

In his fourteenth point,
appellant claims that the trial court erred by denying his motion to quash the
indictment.  Appellant asserts that the Aon or about@ language in
the indictment unfairly prejudiced him because it failed to advise him of the
specific dates for which he failed to register. 

The indictment alleged that
appellant, Aon or about@ December 25, 2004,  failed to
provide the registration authorities with his anticipated move date or new
address not later than the seventh day before changing addresses and failed to
meet his annual registration requirement. 
The date alleged was the latest date by which appellant could have
performed his annual registration requirement in 2004 (thirty days from his
November 25 birthday).  At the close of
the evidence, the State abandoned the alleged annual registration violation and
proceeded only with the allegation that appellant failed to notify his
registration authority seven days before an intended change of address.








It is well established that
the State may allege the commission of an offense Aon or about@ a certain
date, and this allegation allows the State to prove any date that is anterior
to presentment of the indictment and within the statutory limitations
period.  See Garcia v. State, 981
S.W.2d 683, 685-86 (Tex. Crim. App. 1998); Sledge v. State, 953 S.W.2d
253, 256 (Tex. Crim. App. 1997); Ferrell v. State, 968 S.W.2d 471, 473
(Tex. App.CFort Worth
1998, pet. ref=d).  An indictment that alleges an Aon or about@ date puts a
defendant on notice that he must be prepared to defend against the alleged act
of criminal misconduct within the applicable statute of limitations.  See Garcia, 981 S.W.2d at 686; Ferrell,
968 S.W.2d at 473.     

Here, the indictment was
presented on June 2, 2005.  Evidence at
trial showed that the alleged offense was committed after October 2003.  The limitations period for a violation of the
sex offender registration statute is three years from the commission of the
offense.  Tex. Code Crim. Proc. Ann. art. 12.01(6) (Vernon Supp.
2007).  Further, the jury was instructed
as to the legal meaning of the Aon or about@
language.  Therefore, the evidence showed
that the offense was committed on a date anterior to the presentment of the
indictment and within the statute of limitations.








Appellant argues that the Aon or about@ language is
insufficient to give notice because the offense here was Atime specific.@  We disagree. 
Appellant received notice that he was charged with failing to report to
the registration authorities within seven days before changing addresses.  See Tex.
Code Crim. Proc. Ann. art. 62.055(a). 
Hence, the exact date of the alleged offense was seven days prior to the
date that appellant changed his address. 
Because appellant failed to report prior to moving, his own behavior
prevented the State from determining the exact date of the offense.  In such a situation, the State may use the Aon or about@ language to
give a defendant notice of the offense.  See
Garcia, 981 S.W.2d at 686 (noting that the State may use an Aon or about@ date if it
does not know the precise or even approximate date that the offense
occurred).  Because appellant received
proper notice of the offense dates in the indictment, he was not unfairly
prejudiced.  See id.  Accordingly, we overrule appellant=s fourteenth point.   

VIII.  Appellant=s Fifteenth Through Nineteenth Points

In his fifteenth through
nineteenth points, appellant argues that the trial court erred by refusing to
admit evidence supporting and refusing to submit a charge on an impossibility
defense, by refusing to admit evidence that negated an essential element of the
offense, and by refusing to submit a jury charge on the defense of mistake of
law.     

Legal impossibility exists Awhere the act if
completed would not be a crime, although what the actor intends to accomplish
would be a crime.@  See
Chen v. State, 42 S.W.3d 926, 929 (Tex. Crim. App. 2001).  It has also been described as Aexisting [when]
what the actor intends to do would not constitute a crime, or at least the
crime charged.@  Id.  Intent
is a necessary element of the legal impossibility defense.  See id. 








The charge to the jury must set forth Athe law applicable
to the case.@  Gray v. State, 152 S.W.3d 125, 127-28
(Tex. Crim. App. 2004); Quattrocchi v. State, 173 S.W.3d 120, 122 (Tex.
App.CFort Worth 2005,
pet. ref=d).  The primary source for this general directive
can be found in article 36.14 of the code of criminal procedure, which requires
courts to instruct the jury on the law applicable to the case.  Tex.
Code Crim. Proc. Ann. art. 36.14 (Vernon 2007); Huizar v. State,
12 S.W.3d 479, 483 (Tex. Crim. App. 2000) (op. on reh=g); Quattrocchi,
173 S.W.3d at 122.  Courts should also
charge on every defensive issue raised by the evidence.  Quattrocchi, 173 S.W.3d at 122. When
evidence raises a defensive issue and the defendant properly requests a jury
charge on that issue, the court must submit that issue to the jury as
well.  Tex.
Code Crim. Proc. Ann. art. 36.15; Mendoza v. State, 88 S.W.3d
236, 239 (Tex. Crim. App. 2002).  In deciding whether to give a defensive
charge, the trial court should not consider the credibility of the evidence,
but only whether it is raised.  See
Woodfox v. State, 742 S.W.2d 408, 409 (Tex. Crim. App. 1987).  








At trial, appellant offered, and the trial court refused to
admit, evidence of his incarceration for theft.[9]  Appellant contends that it was impossible for
him to update the 321 Gardenview address because of his incarceration from
January 2004 to June 10, 2004.  However,
there is no evidence showing that appellant intended to update his address
before January 2004 but was prevented from doing so because of his
incarceration on the theft offense. 
Further, evidence at trial revealed that appellant made no attempt to
register the 2220 Carriage Hill address or any other address after his release
from incarceration on June 10, 2004, until his subsequent arrest in July
2005.  There is also no evidence showing
that appellant intended to update his address during this time
frame.  Therefore, the evidence offered
by appellant, which the trial court refused to admit, would not have shed light
on his failure to register during the times he was not incarcerated.  Hence, appellant=s case does not
present the doctrine of legal impossibility. 
See Chen, 42 S.W.3d at 929-30. 
Therefore, the trial court did not err by refusing to allow evidence of
appellant=s impossibility defense or by refusing to
charge the jury on this defense.  See
Quattrocchi, 173 S.W.3d at 122. 
Accordingly, we overrule appellant=s fifteenth and
sixteenth points.  

In his seventeenth and eighteenth points, appellant asserts
that the trial court erred by refusing to allow evidence supporting his
impossibility defense because this evidence also negated elements of the
charged offense.  During trial, counsel
attempted to introduce evidence as follows:








[DEFENSE COUNSEL]: I have evidence from I believe January
30th through the middle of June B

 

THE COURT:  That he
was in custody.

 

[DEFENSE COUNSEL]: B that he was in custody.

 

THE COURT:  Right.

 

[DEFENSE COUNSEL]:  I
should be able to put that evidence before the jury and argue to the jury,
jury, he was in jail.  We can use our
common sense.  He can=t walk out of jail to report in
person to the municipality, the police department at Denton.  Between the 30th of October and when he was
arrested in January, there is absolutely no proof presented by the State that
he left that residence.  I should be able
to argue that.  

 

THE COURT:  And I=m saying if you have some
affirmative evidence on a defense that that is what kept him from registering,
yes, I agree with you.  But if you just
want to guess, have the jury guess that that is the reason he didn=t register is because he was living
there and was arrested out of that house and the police wouldn=t take him over there to register, then you are just asking them to
speculate or B or B you are asking me to put something
in the charge that is not supported by the evidence.  

 

[DEFENSE COUNSEL]: 
Judge, I think that is common knowledge B I=m not talking about the
charge.  

 

THE COURT:  Let=s say you put on that
evidence.  You still don=t get the charge because there is
no evidence B I mean, the evidence in your bill
of exception, because there is nothing in the record that shows they prevented
your defendant from registering. 

[Emphasis
added.] 

 

The trial court ultimately refused to admit evidence of
appellant=s incarceration. 








Because there was no evidence suggesting
that appellant intended to register but the police or jailers prevented him
from doing so after his arrest, the trial court did not abuse its discretion by
refusing to admit evidence of the incarceration.  See Tex. R. Evid. 402 (providing that if evidence is not relevant, it is not
admissible), 403 (providing that relevant evidence may be excluded if its
probative value is substantially outweighed by the danger of confusion of the issues or misleading the jury); Resendiz v. State, 112 S.W.3d 541, 544
(Tex. Crim. App. 2003) (holding that trial court did not abuse its discretion
by refusing to admit photographs depicting extraneous offenses committed by
defendant on relevancy grounds when the defendant failed to establish why the
photos were necessary to establish insanity defense), cert. denied, 541
U.S. 1032 (2004); Hale, 140 S.W.3d at 395-97 (holding that trial court
did not abuse its discretion by refusing to admit evidence that a child victim
was sexually experienced on relevancy grounds when the defendant never
established that the victim had actually engaged in sexual acts with others).








Further, even if evidence of appellant=s incarceration
was improperly excluded, appellant cannot show harm.  If a trial
court abuses its discretion by refusing to admit evidence, the judgment will not
be reversed if the error was harmless.  Tex. R. App. P. 44.2(b); Wesbrook v.
State, 29 S.W.3d 103, 119 (Tex. Crim. App. 2000), cert. denied, 532
U.S. 944 (2001); McClellan v. State, 143 S.W.3d 395, 401 (Tex. App.CAustin 2004, no pet.).  In
assessing the likelihood that the jury=s decision was adversely affected by an error, we consider everything
in the record, including any testimony or physical evidence admitted for the
jury=s consideration, the nature of the evidence supporting the verdict,
the character of the alleged error, and how it might be considered in
connection with other evidence in the case. 
Nonn v. State, 117 S.W.3d 874, 881 (Tex. Crim. App. 2003); Motilla
v. State, 78 S.W.3d 352, 355-56 (Tex. Crim. App. 2002); Booker v. State, 103 S.W.3d 521,
538 (Tex. App.CFort Worth 2003, pet ref=d) (op. on reh=g).  

Here, appellant
made no attempt to register the 2220 Carriage Hill address or any other address
after his release from incarceration on June 10, 2004, until his subsequent
arrest in July 2005.  Further, appellant
made no contact with his primary registration authority from October 2003 until
his arrest in July 2005 and did not register thirty days before his November
25, 2004 birthday.  Most importantly,
there is also no evidence showing that appellant intended to comply with
any provision of article 62.055(a) after October 2003. See Varnes, 63
S.W.3d at 832.  








Thus, the
jury was presented with ample evidence establishing that appellant violated the
mens rea element of article 62.055(a).  See
Tex. Code Crim. Proc. Ann.
art. 62.055(a).  Therefore, even if it
was error to exclude evidence of appellant=s incarceration, such error was harmless.  See Tex.
R. App. P. 44.2(b); Wesbrook, 29 S.W.3d at 119; McClellan, 143 S.W.3d at
401.  Accordingly, we overrule appellant=s seventeenth and eighteenth points.

In his
nineteenth point, appellant argues that the trial court erred by refusing to
submit a jury charge on the defense of mistake of law.  A review of the record reveals that appellant never
asked the trial court to include such a charge.[10]  Therefore, appellant waived this complaint
for appellate review.  See Tex. R. App. P. 33.1(a)(1); Posey v.
State, 966 S.W.2d 57, 61-62 (Tex. Crim. App. 1998) (holding that the trial
court has no duty to sua sponte instruct the jury on unrequested defensive issues
when the issues are not Alaw applicable to the
case@).  Accordingly, we overrule appellant=s nineteenth point.  

IX.  Appellant=s Twentieth Point

In his
twentieth point, appellant argues that the trial court erred by denying his
motion for mistrial after the prosecutor made inflammatory remarks during
closing argument in the punishment trial. 
The relevant exchange is as follows:








[STATE]:  And think about that B
those offenses.  The Defense, well, like
he said, well gosh he only got ten years TDC back here.  That=s the maximum he could get
for this offense.  I submit to you, think
about that offense.  You are a new
jury.  There wasn=t a
jury here.  This was a plea.  You get an opportunity now to go ahead and
say was it an appropriate amount for indecent contact, forcing a six-year-old
to touch his genitals?  

 

[DEFENSE COUNSEL]:  Your Honor, I=m
going to object to that.  He=s
limited to being punished on the present crime. 
They can consider that B 

 

THE COURT: 
I=ll
sustain the objection.

 

[DEFENSE COUNSEL]:  I will ask the B
instruct the jury to disregard.

 

THE COURT:  Ladies and gentlemen, you will disregard the
last comment of counsel.

 

[DEFENSE
COUNSEL]:  Move for mistrial.

 

THE COURT: 
Denied.

 

[STATE]:  You can consider what that offense was in
considering the man that you all have to decide whether he goes for two or up
to 20 years.  

 

To be
permissible, the State=s jury
argument must fall within one of the following four general areas:  (1) summation of the evidence, (2) reasonable
deduction from the evidence, (3) answer to argument of opposing counsel, or (4)
plea for law enforcement.  Felder v.
State, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), cert. denied,
510 U.S. 829 (1993); Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim.
App. 1973).








When the
trial court sustains an objection and instructs the jury to disregard but
denies a defendant=s motion for
a mistrial, the issue is whether the trial court abused its discretion by
denying the mistrial.  Hawkins v.
State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).  Only in extreme circumstances, when the
prejudice caused by the improper argument is incurable, i.e., Aso prejudicial that expenditure of further time and expense would be
wasteful and futile,@ will a
mistrial be required.  Id.; see also
Simpson v. State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), cert.
denied, 542 U.S. 905 (2004).  In determining
whether the trial court abused its discretion by denying the mistrial, we
balance three factors:  (1) the severity
of the misconduct (prejudicial effect), (2) curative measures, and (3) the
certainty of the punishment assessed absent the misconduct.  Hawkins, 135 S.W.3d at 77.








When
assessing the prejudicial effect of the statement, it is important to view the
statement in context with the entire record. 
See Hawkins, 135 S.W.3d at 78-80. 
Appellant=s counsel
objected only one other time to this prosecutor=s closing argument on this topic, and that objection was
overruled.  Further, the other prosecutor=s closing argument drew no objections from appellant=s trial counsel.  Additionally,
the prosecutor=s statement
here was part of his answer to the argument of appellant=s trial counsel, and appellant=s prior convictions for indecency with a child and theft were both in
the record at the punishment trial. 
Also, the trial court=s immediate and specific curative instruction, coupled with the
prosecutor=s own Aself-corrective@ clarification,
reduced the prejudicial effect of the statement.  See id. at 84.

When
reviewing the certainty of the punishment assessed absent the alleged improper
argument, we consider appellant=s prior and present convictions. 
See id. at 85.  The
punishment record shows that appellant previously plead nolo contendere to the
offense of injury to a child and was given deferred adjudication.  Appellant did not abide by the conditions of
his community supervision and was adjudicated guilty; however, the sentence was
suspended and he again was placed on community supervision.  Again, appellant did not follow the
conditions of his community supervision and was sentenced to two years imprisonment.

Appellant
also pled guilty to indecency with a child and received deferred
adjudication.  When appellant failed to
abide by the conditions of his community supervision, he was sentenced to four
years= imprisonment.  In summary,
appellant failed to complete three terms of community supervision, and even if
the alleged misconduct by the prosecutor had not occurred, the jury had ample
evidence to support a harsh sentence.  








After
balancing the three factors regarding the trial court=s denial of a motion for mistrial, we conclude that the trial court
did not abuse its discretion in denying the mistrial.  See id. at 77.  Accordingly, we overrule appellant=s twentieth point. 

 

X.  Conclusion

Having
overruled appellant=s twenty
points, we affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL F:    LIVINGSTON, HOLMAN, and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: August 31, 2007

 

 

 

 











[1]See Tex. R. App. P. 47.4.





[2]Johnson
also testified that he resided at 321 Gardenview from June 23, 2004 until
December 20, 2005.





[3]Both of appellant=s points raise as applied
constitutional challenges.  An as applied
constitutional challenge to a statute is waived if it is not asserted at the
trial court level.  See Briggs v.
State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990).





[4]Although
article 62.055(a) requires individuals subject to the registration rules to
report within seven days before or after a change of residence, appellant was
indicted only for failing to report seven days before a change of
residence.  Tex. Code Crim. Proc. Ann. art.
62.055(a).  Appellant admits that he may
have violated the latter part of article 62.055(a), but the indictment and jury
charge only track the Aseven
days before@
language, so that is the only violation at issue.  See Rios, 141 S.W.3d at 752.  





[5]In
his brief, appellant asks us to take judicial notice of his application for a
court-appointed attorney, which disclosed his 2220 Carriage Hill address and
was filed on June 3, 2004, while he was in the Denton County Jail for the theft
charge.  However, this document was never
admitted into evidence or presented to the trial court.  Therefore, we will not consider it in our
review.  See Whitehead v. State,
130 S.W.3d 866, 872 (Tex. Crim. App. 2004) (noting that an appellate court may
not consider factual assertions that are outside the record).  





[6]We
note that appellant did not provide us with any relevant citations to the
record regarding these points.  If a
party does not refer the appellate court to the precise pages in the record
where the error allegedly occurred, the appellate court may properly overrule
the point as inadequately briefed.  Lawton v. State, 913 S.W.2d 542, 554 (Tex.
Crim. App. 1995), cert. denied, 519 U.S. 826 (1996), disavowed on
other grounds by Mosley v. State, 983 S.W.2d 249, 263, n.18 (Tex. Crim.
App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999); Alvarado v. State, 912 S.W.2d 199, 210
(Tex. Crim. App. 1995).





[7]The
notice states that it was filed in accordance with rules 404(b) and 609(f), as
well as articles 37.07 of the code of criminal procedure; thus, it is unclear
whether the notice indicated an intent to introduce this evidence at
guilt-innocence or at punishment.





[8]We
address the relevancy of this evidence when addressing appellant=s
impossibility defense argument.





[9]Appellant
attempted to introduce a bill of exceptions discussing this offense.  





[10]We
also note that appellant did not provide us with any relevant citations to the
record regarding this point.  If a party does not refer the
appellate court to the precise pages in the record where the error allegedly
occurred, the appellate court may properly overrule the point as inadequately
briefed.  Lawton, 913 S.W.2d at
554; Alvarado, 912 S.W.2d at 210.