

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-166-CR

DERICK DION RECTOR                                                        APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

------------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

A jury convicted Appellant Derick Dion Rector of injury to a child and assessed his punishment at twelve years' confinement. In a single issue, Rector argues that the evidence is factually insufficient to support the jury's implied rejection of his parental justification defense. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. FACTUAL BACKGROUND

Sometime in the mid-afternoon on December 22, 2008, LaQuita Y. instructed Rector, her boyfriend, to whip her seven-year-old son, Q.Y., because he had wet his bed again. After Q.Y. removed his clothes and laid on a bed at LaQuita's and Rector's direction, Rector whipped Q.Y. with a leather belt at least eight times. LaQuita also whipped Q.Y.—at least seven times—for "talking back" to her.

Officer Adam Maloney responded to a check-welfare-of-a-child call at LaQuita's home later that same day. LaQuita told Officer Maloney that Q.Y. had been whipped with a leather belt, and Officer Maloney observed that Q.Y.'s hand was swollen to about twice the size of his other hand. A CPS worker subsequently arrived and examined Q.Y. In addition to a swollen hand, Q.Y. had multiple red marks and discoloration or bruises on his arm, multiple abrasions and bruises on his leg, an open cut on his ribcage, and a cut on the back of his knee. Both Rector and LaQuita were arrested.[2] The State indicted Rector for

---

[2]LaQuita was arrested that same day. Rector was arrested sometime later. LaQuita pleaded guilty to injury to a child and was serving five years' community supervision at the time of Rector's trial.

injury to a child.[3]  At trial, the trial court instructed the jury on Rector's penal code section 9.61 parental justification defense.[4]

### III. EVIDENTIARY SUFFICIENCY

In his sole issue, Rector argues that the evidence is factually insufficient to support the jury's implied rejection of his parental justification defense because he did not beat Q.Y. but merely disciplined him, no witness testified that he was exclusively responsible for Q.Y.'s injuries, and Q.Y.'s injuries were merely temporary.

### A.    Standard of Review

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party. *Steadman v. State*, 280 S.W.3d 242, 246 (Tex. Crim. App. 2009); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).  We then ask whether the

---

[3]The indictment alleged in relevant part that on or about December 22, 2008, Rector "did then and there intentionally or knowingly cause bodily injury to [Q.Y.], a child fourteen years of age or younger, by striking said [Q.Y.] with a belt across his arms, hands, body and/or legs."

[4]The trial court instructed:

> Therefore, if you find that the defendant, Derick Dion Rector, did intentionally or knowingly cause bodily injury to [Q.Y.], a child fourteen years of age or younger, by striking said [Q.Y.] with a belt across his arms, hands, body and/or legs, but you further find that the defendant was acting *in loco parentis* to [Q.Y.], and the force was used when and to the degree the defendant reasonably believed the force was necessary to discipline [Q.Y.], you will then find the defendant not guilty.

evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the factfinder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the factfinder's determination is manifestly unjust. *Steadman*, 280 S.W.3d at 246; *Watson*, 204 S.W.3d at 414–15, 417. To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, although legally sufficient, contradicts the verdict. *Watson*, 204 S.W.3d at 417. In reviewing a challenge to the factual sufficiency of the evidence to support a jury's rejection of a defense to prosecution, we use the same standards used in reviewing the sufficiency of the evidence to support a guilty verdict, looking at the sufficiency of the evidence to support both the verdict as well as the rejection of the defense. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003); *Ortiz v. State*, No. 05-08-00490-CR, 2009 WL 1664940, at *13 (Tex. App.—Dallas June 16, 2009, pet. ref'd) (not designated for publication).

Unless we conclude that it is necessary to correct manifest injustice, we must give due deference to the factfinder's determinations, "particularly those determinations concerning the weight and credibility of the evidence." *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000); *see Steadman*, 280 S.W.3d at 246. Evidence is always factually sufficient when it preponderates in favor of the conviction. *Steadman*, 280 S.W.3d at 247; *see Watson*, 204 S.W.3d at 417.

4

**B. Injury to a Child and Parental Justification Defense**

A person commits the offense of injury to a child if he intentionally or knowingly causes the child bodily injury. Tex. Penal Code Ann. § 22.04(a)(3) (Vernon Supp. 2010). "Child" means a person fourteen years of age or younger. *Id.* § 22.04(c)(1). "Bodily injury" means physical pain, illness, or any impairment of physical condition. *Id.* § 1.07(a)(8) (Vernon Supp. 2010). Injury to a child is considered a result-oriented crime; that is, the accused acts with intent if it is his conscious objective or desire to cause the result. *Assiter v. State*, 58 S.W.3d 743, 748 (Tex. App.—Amarillo 2000, no pet.). Intent may be inferred from the acts and the words of the accused, as well as the surrounding circumstances. *Id.*

The parental justification defense provides that the use of force, but not deadly force, against a child younger than eighteen years is justified if the actor is the child's parent or stepparent or is acting in loco parentis to the child and "when and to the degree the actor reasonably believes the force is necessary to discipline the child or to safeguard or promote his welfare." Tex. Penal Code Ann. § 9.61 (Vernon 2003). "In loco parentis" includes anyone who has express or implied consent of the parent.[5] *Id.* § 9.61(b). The use of force under section 9.61 is not justified simply because of a parent's subjective belief that the force is necessary; rather, the use of force is justified only if a reasonable person would have believed the force was necessary to discipline the child or to safeguard or

---

[5]It is undisputed that Rector was acting in loco parentis.

5

promote the child's welfare. *Quattrocchi v. State*, 173 S.W.3d 120, 122 (Tex. App.—Fort Worth 2005, pet. ref'd) (citing *Assiter*, 58 S.W.3d at 748). The "reasonable belief" standard is thus an objective standard. *Id.*; *see* Tex. Penal Code Ann. § 1.07(a)(42) (stating that a reasonable belief means a belief that would be held by an ordinary and prudent man in the same circumstances as the actor).

Because reasonable discipline is a justification, the State is not required to affirmatively produce evidence which refutes the claim; rather, the State has the burden to prove its case beyond a reasonable doubt. *See* Tex. Penal Code Ann. § 9.02 (Vernon 2003); *Saxton v. State*, 804 S.W.2d 910, 913–14 (Tex. Crim. App. 1991) (reasoning that State does not have burden of production but rather burden of persuasion in disproving defense); *Goulart v. State*, 26 S.W.3d 5, 10 (Tex. App.—Waco 2000, pet. ref'd); *see also Zuliani*, 97 S.W.3d at 593–94. A verdict of guilty is an implicit rejection of a defendant's defensive argument. *Zuliani*, 97 S.W.3d at 594.

### C. Evidence Factually Sufficient

Officer Maloney testified that when he observed Q.Y. on December 22, 2008, Q.Y. was holding his hand up against his torso, his hand was swollen to twice the size of his other hand,[6] and he had multiple red marks and discoloration or bruises on his arm, multiple abrasions and bruises on his leg, an open cut on

---

[6]Officer Maloney agreed that Q.Y.'s right hand was "significantly smaller" than his left hand.

his ribcage, and a cut on the back of his knee. When Officer Maloney "ever so lightly" touched Q.Y.'s swollen hand, Q.Y. pulled his hand back and winced as if the contact had hurt him.

Q.Y. testified that Rector hit him with a belt when he was lying on the bed and that it hurt him. K.W., LaQuita's half-sister, testified that Rector whipped Q.Y. with a belt, that Q.Y. screamed and yelled when he was struck, that the whipping took a "long" time, and that Q.Y. just laid in bed and did not want to eat dinner that night or watch television.

Scott Myers, an emergency room physician, testified that Q.Y.'s injuries would have caused a child younger than fourteen years old pain. In regard to a photograph of Q.Y.'s swollen hand, Myers testified

> You can see that there's a significant amount of swelling in the hand there, and then you can see the contrast between the color right there. So this is - - this is bruising or this is - - This would probably be even more consistent with what we call hematoma[,] which is a little bit more severe form of bruising where there's more of a collection of blood under the skin and some swelling there.

LaQuita testified that she instructed Rector to whip Q.Y.; that Rector whipped Q.Y. with a leather belt at least eight times; that she thought Rector struck Q.Y.'s left hand, causing it to swell up; that it is possible that Rector struck Q.Y. with the belt's buckle; that she knew Q.Y. was hurt by the whipping; that she did not know if the injuries shown in the photographs entered in evidence depicting Q.Y.'s injuries were caused by her or Rector; that she did not think it was reasonable or "right" for Rector to strike Q.Y. with the belt in the manner that

7

he did; and, significantly, that striking Q.Y. with the belt was more than what was reasonably necessary to discipline him. On cross-examination, however, LaQuita testified that she thought Rector's actions were an exercise of reasonable parental discipline.

In light of the above evidence, a rational jury could have concluded that an ordinary and prudent person in the same circumstances as Rector would not believe that the force used by Rector against Q.Y.—using a belt to repeatedly whip Q.Y.'s body, causing and leaving multiple visible bruises, cuts, and a significantly swollen hand—was necessary to discipline him or to safeguard or promote his welfare. *See Roberts v. State*, No. 10-04-00203-CR, 2005 WL 979002, at *1–2 (Tex. App.—Waco Apr. 27, 2005, no pet.) (mem. op., not designated for publication) (holding evidence that appellant whipped child with a belt that had a metal buckle, causing child injuries to his head, neck, back, arm, buttocks, and legs, factually sufficient to support appellant's conviction for injury to a child); *Jones v. State*, No. 01-06-01078-CR, 2007 WL 4278722, at *5 (Tex. App.—Houston [1st Dist.] Dec. 6, 2007, no pet.) (mem. op., not designated for publication) (holding evidence that appellant whipped child with belt, causing child injuries to her arms, back, and thighs, factually sufficient to support appellant's conviction for injury to a child). And that Q.Y.'s injuries were temporary does not mean that they were not "bodily injuries" as defined by penal code section 1.07(a)(8).

As for Rector's causation argument, LaQuita specifically testified that she thought Rector struck Q.Y.'s left hand, causing it to swell, and that Rector could have struck Q.Y. with the belt's buckle. Even in the absence of this evidence, in light of the record, Rector is not absolved of criminal responsibility for causing Q.Y. bodily injury. *See* Tex. Penal Code Ann. § 6.04 (Vernon 2003) (stating that a person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient).

Rector argues that the evidence is factually insufficient to support the jury's implied rejection of his defense because the facts of this case are distinguishable from those in *Goulart*, another case in which the appellant was prosecuted for whipping a child. 26 S.W.3d at 7. The evidence is not factually insufficient in this case even if the evidence here of the intensity of the "discipline" was less brutal than that reviewed in *Goulart*.

Accordingly, viewing the evidence in a neutral light, favoring neither party, we hold that the evidence is factually sufficient to support the jury's guilty verdict and its implied rejection of Rector's parental justification defense. We overrule Rector's sole issue.

## IV. CONCLUSION

Having overruled Rector's only issue, we affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL: MCCOY, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: September 23, 2010