02-09-166-CR















 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT WORTH

 

NO. 2-09-166-CR

 

 


 
 
 DERICK DION RECTOR
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 THE STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM THE 78TH
 DISTRICT COURT OF WICHITA
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

I.  Introduction

          A jury convicted Appellant Derick Dion
Rector of injury to a child and assessed his punishment at twelve years’
confinement.  In a single issue, Rector
argues that the evidence is factually insufficient to support the jury’s implied
rejection of his parental justification defense.  We will affirm.

II.  Factual Background

          Sometime in the mid-afternoon on December
22, 2008, LaQuita Y. instructed Rector, her boyfriend, to whip her seven-year-old
son, Q.Y., because he had wet his bed again.  After Q.Y. removed his clothes and laid on a
bed at LaQuita’s and Rector’s direction, Rector whipped Q.Y. with a leather
belt at least eight times.  LaQuita also whipped
Q.Y.—at least seven times—for “talking back” to her.

          Officer Adam Maloney responded to a
check-welfare-of-a-child call at LaQuita’s home later that same day.  LaQuita told Officer Maloney that Q.Y. had
been whipped with a leather belt, and Officer Maloney observed that Q.Y.’s hand
was swollen to about twice the size of his other hand.  A CPS worker subsequently arrived and
examined Q.Y.  In addition to a swollen
hand, Q.Y. had multiple red marks and discoloration or bruises on his arm, multiple
abrasions and bruises on his leg, an open cut on his ribcage, and a cut on the
back of his knee.  Both Rector and LaQuita
were arrested.[2]  The State indicted Rector for injury to a
child.[3]  At trial, the trial court instructed the jury
on Rector’s penal code section 9.61 parental justification defense.[4]

III.  Evidentiary Sufficiency

          In his sole issue, Rector argues that
the evidence is factually insufficient to support the jury’s implied rejection
of his parental justification defense because he did not beat Q.Y. but merely
disciplined him, no witness testified that he was exclusively responsible for
Q.Y.’s injuries, and Q.Y.’s injuries were merely temporary.

          A.      Standard of Review

          When
reviewing the factual sufficiency of the evidence to support a conviction, we
view all the evidence in a neutral light, favoring neither party.  Steadman v. State, 280 S.W.3d 242, 246
(Tex. Crim. App. 2009); Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim.
App. 2006).  We then ask whether the
evidence supporting the conviction, although legally sufficient, is
nevertheless so weak that the factfinder’s determination is clearly wrong and
manifestly unjust or whether conflicting evidence so greatly outweighs the
evidence supporting the conviction that the factfinder’s determination is
manifestly unjust.  Steadman, 280
S.W.3d at 246; Watson, 204 S.W.3d at 414–15, 417.  To reverse under the second ground, we must
determine, with some objective basis in the record, that the great weight and
preponderance of all the evidence, although legally sufficient, contradicts the
verdict.  Watson, 204 S.W.3d at
417.  In reviewing a challenge to the
factual sufficiency of the evidence to support a jury’s rejection of a defense
to prosecution, we use the same standards used in reviewing the sufficiency of
the evidence to support a guilty verdict, looking at the sufficiency of the
evidence to support both the verdict as well as the rejection of the
defense.  Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003); Ortiz v. State, No. 05-08-00490-CR, 2009
WL 1664940, at *13 (Tex. App.—Dallas June 16, 2009, pet. ref’d) (not designated
for publication).

          Unless we conclude that it is
necessary to correct manifest injustice, we must give due deference to the
factfinder’s determinations, “particularly those determinations concerning the
weight and credibility of the evidence.” 
Johnson v. State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000); see
Steadman, 280 S.W.3d at 246. 
Evidence is always factually sufficient when it preponderates in favor
of the conviction.  Steadman, 280
S.W.3d at 247; see Watson, 204 S.W.3d at 417.

          B.      Injury to a Child and Parental Justification
Defense

          A person
commits the offense of injury to a child if he intentionally or knowingly
causes the child bodily injury.  Tex.
Penal Code Ann. § 22.04(a)(3) (Vernon Supp. 2010).  “Child” means a person fourteen years of age
or younger.  Id. § 22.04(c)(1).  “Bodily injury” means physical pain,
illness, or any impairment of physical condition.  Id.
§ 1.07(a)(8) (Vernon Supp. 2010). 
Injury to a child is considered a result-oriented crime; that is, the
accused acts with intent if it is his conscious objective or desire to cause
the result.  Assiter v. State, 58 S.W.3d 743, 748 (Tex. App.—Amarillo 2000, no
pet.).  Intent may be inferred from the
acts and the words of the accused, as well as the surrounding
circumstances.  Id.

          The parental justification defense
provides that the use of force, but not deadly force, against a child younger
than eighteen years is justified if the actor is the child’s parent or
stepparent or is acting in loco parentis to the child and “when and to the
degree the actor reasonably believes the force is necessary to discipline the
child or to safeguard or promote his welfare.” 
Tex. Penal Code Ann. § 9.61 (Vernon 2003).  “In loco parentis” includes anyone who has
express or implied consent of the parent.[5]  Id.
§ 9.61(b).  The use of force under
section 9.61 is not justified simply because of a parent’s subjective belief
that the force is necessary; rather, the use of force is justified only if a
reasonable person would have believed the force was necessary to discipline the
child or to safeguard or promote the child’s welfare.  Quattrocchi
v. State, 173 S.W.3d 120, 122 (Tex. App.—Fort Worth 2005, pet. ref’d)
(citing Assiter, 58 S.W.3d at 748).  The “reasonable belief” standard is thus an
objective standard.  Id.; see Tex. Penal Code
Ann. § 1.07(a)(42) (stating that a reasonable belief means a belief that
would be held by an ordinary and prudent man in the same circumstances as the
actor).

          Because reasonable discipline is a
justification, the State is not required to affirmatively produce evidence
which refutes the claim; rather, the State has the burden to prove its case
beyond a reasonable doubt.  See Tex. Penal Code Ann. § 9.02
(Vernon 2003); Saxton v. State, 804
S.W.2d 910, 913–14 (Tex. Crim. App. 1991) (reasoning that State does not have
burden of production but rather burden of persuasion in disproving defense); Goulart v. State, 26 S.W.3d 5, 10 (Tex.
App.—Waco 2000, pet. ref’d); see also
Zuliani, 97 S.W.3d at 593–94.  A verdict of guilty is an implicit rejection
of a defendant’s defensive argument.  Zuliani, 97 S.W.3d at 594.

          C.      Evidence Factually Sufficient

          Officer
Maloney testified that when he observed Q.Y. on December 22, 2008, Q.Y. was
holding his hand up against his torso, his hand was swollen to twice the size
of his other hand,[6] and he had
multiple red marks and discoloration or bruises on his arm, multiple abrasions
and bruises on his leg, an open cut on his ribcage, and a cut on the back of
his knee.  When Officer Maloney “ever so
lightly” touched Q.Y.’s swollen hand, Q.Y. pulled his hand back and winced as
if the contact had hurt him.

          Q.Y. testified that Rector hit him
with a belt when he was lying on the bed and that it hurt him.  K.W., LaQuita’s half-sister, testified that
Rector whipped Q.Y. with a belt, that Q.Y. screamed and yelled when he was
struck, that the whipping took a “long” time, and that Q.Y. just laid in bed
and did not want to eat dinner that night or watch television.

          Scott Myers, an emergency room
physician, testified that Q.Y.’s injuries would have caused a child younger
than fourteen years old pain.  In regard
to a photograph of Q.Y.’s swollen hand, Myers testified

You can see that there’s a
significant amount of swelling in the hand there, and then you can see the
contrast between the color right there. 
So this is - - this is bruising or this is - - This would probably be
even more consistent with what we call hematoma[,] which is a little bit more
severe form of bruising where there’s more of a collection of blood under the
skin and some swelling there.

 

          LaQuita testified that she instructed
Rector to whip Q.Y.; that Rector whipped Q.Y. with a leather belt at least
eight times; that she thought Rector struck Q.Y.’s left hand, causing it to
swell up; that it is possible that Rector struck Q.Y. with the belt’s buckle; that
she knew Q.Y. was hurt by the whipping; that she did not know if the injuries
shown in the photographs entered in evidence depicting Q.Y.’s injuries were
caused by her or Rector; that she did not think it was reasonable or “right”
for Rector to strike Q.Y. with the belt in the manner that he did; and,
significantly, that striking Q.Y. with the belt was more than what was
reasonably necessary to discipline him.  On cross-examination, however, LaQuita
testified that she thought Rector’s actions were an exercise of reasonable
parental discipline.

          In light of the above evidence, a
rational jury could have concluded that an ordinary and prudent person in the
same circumstances as Rector would not believe that the force used by Rector
against Q.Y.—using a belt to repeatedly whip Q.Y.’s body, causing and leaving
multiple visible bruises, cuts, and a significantly swollen hand—was necessary
to discipline him or to safeguard or promote his welfare.  See Roberts
v. State, No. 10-04-00203-CR, 2005
WL 979002, at *1–2 (Tex. App.—Waco Apr. 27, 2005, no pet.) (mem. op., not
designated for publication) (holding evidence that appellant whipped child with
a belt that had a metal buckle, causing child injuries to his head, neck, back,
arm, buttocks, and legs, factually sufficient to support appellant’s conviction
for injury to a child); Jones v. State,
No. 01-06-01078-CR, 2007 WL 4278722, at *5 (Tex. App.—Houston [1st Dist.] Dec.
6, 2007, no pet.) (mem. op., not designated for publication) (holding evidence
that appellant whipped child with belt, causing child injuries to her arms,
back, and thighs, factually sufficient to support appellant’s conviction for
injury to a child).  And that Q.Y.’s
injuries were temporary does not mean that they were not “bodily injuries” as
defined by penal code section 1.07(a)(8).

          As for Rector’s causation argument,
LaQuita specifically testified that she thought Rector struck Q.Y.’s left hand,
causing it to swell, and that Rector could have struck Q.Y. with the belt’s buckle.  Even in the absence of this evidence, in
light of the record, Rector is not absolved of criminal responsibility for
causing Q.Y. bodily injury.  See Tex. Penal Code Ann. § 6.04
(Vernon 2003) (stating that a person is criminally responsible if the result
would not have occurred but for his conduct, operating either alone or
concurrently with another cause, unless the concurrent cause was clearly
sufficient to produce the result and the conduct of the actor clearly
insufficient).

          Rector argues that the evidence is
factually insufficient to support the jury’s implied rejection of his defense
because the facts of this case are distinguishable from those in Goulart, another case in which the
appellant was prosecuted for whipping a child. 
26 S.W.3d at 7.  The evidence is
not factually insufficient in this case even if the evidence here of the
intensity of the “discipline” was less brutal than that reviewed in Goulart.

          Accordingly, viewing the evidence in a
neutral light, favoring neither party, we hold that the evidence is factually
sufficient to support the jury’s guilty verdict and its implied rejection of Rector’s
parental justification defense.  We
overrule Rector’s sole issue.

IV.  Conclusion

          Having overruled Rector’s only issue,
we affirm the trial court’s judgment.

 

 

                                                                             
 
 
 
 
 
 
 
 BILL MEIER

                                                                             
 
 
 JUSTICE

 

PANEL:  
 
 
 
 
 
 
 MCCOY, 
 
 
 
 
 
 MEIER, and 
 
 
 
 
 
 GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  September 23, 2010











[1]See Tex. R. App. P. 47.4.





[2]LaQuita
was arrested that same day.  Rector was
arrested sometime later.  LaQuita pleaded
guilty to injury to a child and was serving five years’ community supervision
at the time of Rector’s trial.





[3]The
indictment alleged in relevant part that on or about December 22, 2008, Rector
“did then and there intentionally or knowingly cause bodily injury to [Q.Y.], a
child fourteen years of age or younger, by striking said [Q.Y.] with a belt
across his arms, hands, body and/or legs.”





[4]The
trial court instructed:

Therefore, if you find that the defendant, Derick Dion
Rector, did intentionally or knowingly cause bodily injury to [Q.Y.], a child
fourteen years of age or younger, by striking said [Q.Y.] with a belt across
his arms, hands, body and/or legs, but you further find that the defendant was
acting in loco parentis to [Q.Y.],
and the force was used when and to the degree the defendant reasonably believed
the force was necessary to discipline [Q.Y.], you will then find the defendant
not guilty.





[5]It
is undisputed that Rector was acting in loco parentis.





[6]Officer
Maloney agreed that Q.Y.’s right hand was “significantly smaller” than his left
hand.